Filed 2/20/14  P. v. Palmer CA1/1
Received for posting 3/11/14

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TIMOTHY SCOTT PALMER,<br><br>        Defendant and Appellant. | A135077<br><br>(Sonoma County<br>  Super. Ct. No. SCR600420 &<br>SCR602164)<br><br>ORDER MODIFYING OPINION<br>   DENYING REHEARING<br>     [NO CHANGE IN JUDGMENT] |

THE COURT[1]:

The opinion filed January 29, 2014, is hereby modified as follows:

1.  On page 11, the second full sentence of the first paragraph shall be modified to read as follows:

    Indeed, had the trial court felt a lesser prison term was appropriate, it could have imposed the low term for both convictions.

---

[1]  Before Margulies, Acting P. J., Dondero, J. and Banke, J.

1

Defendant's petition for rehearing is hereby denied.

There is no change in judgment.


Dated: _____          _____

                                                  Margulies, Acting P. J.

Filed 1/29/14  P. v. Palmer CA1/1 (unmodified version)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TIMOTHY SCOTT PALMER,<br><br>        Defendant and Appellant. | A135077<br><br>(Sonoma County<br> Super. Ct. Nos. SCR600420, &<br> SCR602164) |

Defendant Timothy Scott Palmer pleaded no contest to several felony charges pursuant to a negotiated disposition.  He challenges the sentence thereafter imposed by the trial court.  Specifically, he contends the court was unaware it had discretion under Penal Code section 1385[1] to strike an out-on-bail enhancement and thus erroneously believed it had no choice but to add two years, consecutively, to his prison sentence.  He asks for a remand to allow the court to consider whether to exercise its discretion under that statute.

Defendant never asked the trial court to exercise its discretion under section 1385, however, and therefore has waived the issue on appeal.  Alternatively, we have considered whether defendant has a claim of ineffective assistance of counsel (IAC) for failure to raise section 1385 that would entitle him to the relief he seeks.  We conclude there is no basis in the record for such a claim, and affirm the judgment.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

1

On March 31, 2011, Rohnert Park police officers responded to a call concerning a suspected intoxicated person in a vehicle and found defendant sitting in the driver's seat of a parked truck. Police also found, in the door pocket, two to three ounces of methamphetamine (54.5 grams net) and, under the driver's seat, a loaded .45-caliber pistol and a scale with white powder on it. Defendant was arrested for possessing the methamphetamine. He later claimed the truck was not his and he was not aware of its contents.

On May 7, 2011, while defendant was out on bail, police officers observed him tailgating a car, speeding, and disobeying traffic signs. The officers turned on their siren. Defendant turned onto another street, accelerated to 90 miles per hour, and drove for about a mile in excess of even that speed before pulling over. Defendant's two-year-old daughter was in the back of the car at the time. Defendant claimed "he 'panicked and took off' " and then realized he was being foolish for risking the safety of his daughter.

The Sonoma County District Attorney filed criminal charges in two cases. On August 5, 2011, as part of a negotiated disposition wrapping up both, defendant pleaded no contest to methamphetamine possession while armed with a loaded gun (Health & Saf. Code, § 11370.1, subd. (a)) and evading a police officer (Veh. Code, § 2800.2, subd. (a)). He also admitted an out-on-bail enhancement (Pen. Code, § 12022.1) alleged in connection with the evasion offense.

At the outset of the change of plea hearing, the prosecuting attorney stated the terms of the negotiated disposition: "In this case the offer is that with an admission to the 11370.1 in case ending 420 and with the admission to the 2800.2(a), along with the out-on-bail enhancement pursuant to 12022.1 in case ending 164, there would be the remaining charges dismissed all with a *Harvey*[2] waiver and allegations also dismissed

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

with a *Harvey* waiver. The defendant is giving an open plea. There would be a RPO where probation would write a full report and argument made by both counsel."

The court asked both defense counsel and defendant "is that your understanding?" Both replied that it was. The court then stated, and asked defendant if he understood, the maximum prison terms he was facing in the cases. The prosecuting attorney told the court he had been the one who had actually written the total maximum time figure on the advisement form. He had "also explained [to defendant] that the 12022.1 required that if the defendant is sent to state prison, it would be mandatory consecutive sentencing." The court then reiterated, "So you have to get the extra two years because you were out of custody out on bail when the second offense happened involving the failing to—evading the police officer. Do you understand that?" Defendant answered, "[y]es."

Following full advisement on the record of the rights he was waiving, the trial court accepted defendant's pleas of no contest to felony possession of methamphetamine with a loaded, operable firearm (Health & Saf. Code, § 11370.1, subd. (a)) and felony evasion of a police officer (Veh. Code, § 2800.2, subd. (a)) and his admission of the out-on-bail enhancement (Pen. Code, § 12022.1).

Defense counsel made no objection during this colloquy, nor did he make any suggestion that at sentencing, the trial court would be asked to exercise its discretion under section 1385 to strike the just admitted sentencing enhancement. The prosecuting attorney then moved to dismiss the remaining charges of methamphetamine possession for sale and child endangerment.

The trial court ordered the probation department to prepare a sentencing report and set a sentencing hearing. The probation report recommended defendant be sentenced to the high term on the possession conviction, and one-third of the midterm on the evasion conviction, consecutively, for a total sentence, including the two-year out-on-bail enhancement, of six years eight months. At the sentencing hearing, on November 10, 2011, defense counsel indicated he had just received the probation report but had gone

3

over it, and stated defendant "would only ask that if sentencing is going to be imposed, that it be concurrent. But he is asking for probation because he has been accepted by TASC to the program here . . . ." The court indicated it was inclined to follow the probation department's sentencing recommendation, but agreed to continue the case so defendant could submit whatever materials he wanted the court to consider.

At the next hearing on November 30, 2011, defense counsel asked that the case be re-referred to the probation department for consideration of section 1170, subdivision (h).[3] A probation department representative said its report found defendant "eligible" under subdivision (h), and both the representative and district attorney agreed this meant defendant, if sentenced to prison, would serve his time in a local jail facility. Defense counsel further advised the court defendant had been interviewed for the Delancey Street Program. The matter was continued to obtain verification from Delancey Street and to provide the court with any additional materials.

Defendant submitted a number of materials for the continued hearing on January 5, 2012, including a sentencing memorandum and a letter from Delancey Street accepting defendant if he cleared medically. Defense counsel stated defendant had no medical condition that would preclude him from the program. The court continued the matter so it could thoroughly review the materials. It also revisited defendant's eligibility for a local jail term under section 1170, subdivision (h), given his possession of methamphetamine with a firearm conviction. The prosecuting attorney, at this hearing, stated defendant was ineligible; defense counsel disagreed. The court invited the parties to submit any additional information before the next hearing.

On January 19, 2012, defendant requested, and was granted, a further continuance to submit additional information. The court clarified defendant was ineligible to serve

_____

[3] Section 1170, subdivision (h), provides defendants convicted of certain crimes should serve their prison terms in local county jails, not state prison. (§ 1170, subds. (h)(2)–(3).) Probation remains an option. (§ 1170, subd. (h)(4).)

4

any prison term in local jail under section 1170, subdivision (h). Therefore, defense counsel wanted "to make sure that all the mitigating circumstances and unusual case factors can be articulated as thoroughly as possible." The court then observed "I just want to let you know that I'm on the fence on this one. I have very, very, very deep concerns about the safety of the community in this case when Mr. Palmer decides to take off from the police. The safety issue is my utmost concern. So I realize he has a drug problem, but I don't want to give any impression that I am leaning toward one way or the other at this point. I'm very on the fence on this." On February 8, 2012, defendant filed a supplemental sentencing memorandum.

The sentencing hearing proceeded on February 16, 2012. Defense counsel argued at length there were numerous mitigating circumstances and urged the court to suspend sentence and order defendant to attend one of the rehabilitation programs available. The prosecuting attorney asserted this was "a very clear prison case," citing defendant's significant prison record and nature of his current crimes. He urged the court not to refer the case for a 90-day diagnostic evaluation and to sentence defendant to six years eight months in prison as recommended by the probation department. The court agreed with the observation in the probation report that defendant had "squandered all past intervention." The court told defense counsel, however, he had "done an outstanding job, everything a defense attorney could possibly do for their client in terms of submitting the information" relevant to sentencing. The court then put the matter over to the afternoon calendar for defendant to address his reluctance during his interview with the probation department to take responsibility for all events that occurred on May 7, 2011.

When the case was recalled, defendant still denied knowing the methamphetamine was in the vehicle, which he did not own, but took responsibility for all the events that transpired. The trial court then proceeded to pronounce sentence. As to the Health and Safety Code section 11370.1, subdivision (a), possession conviction, defendant was presumptively ineligible for probation and the court found the case not unusual under

5

sections 1203, subdivision (e)(4) and (6). The court imposed the midterm (three years), however, rather than the high term recommended by the probation department, citing numerous mitigating circumstances, including that defendant took responsibility for his actions. The court also listed numerous aggravating factors, including defendant's numerous prior convictions and their increasing severity, and his largely unsatisfactory performance on prior probations and parole. As to the Vehicle Code section 2800.2, subdivision (a), evasion conviction, the subordinate conviction, the court imposed a one-third, middle term (eight months) to run consecutively. The court again identified a number of factors in mitigation, as well as a number of factors in aggravation. With respect to the out-on-bail enhancement, the court stated, "I'm required by law to run the two-year out-on-bail enhancement consecutive. That matter was resolved with a plea of no contest for count I, the 2800.2(a)."

At no time during the numerous sentencing hearings did defense counsel ever suggest that, despite the negotiated disposition, the trial court should exercise its discretion under section 1385 to strike the admitted out-on-bail sentencing enhancement.

Two weeks later, on March 2, 2012, defendant filed a motion for "reconsideration of sentencing." Defendant asked to be sentenced to a "specific" state prison facility, such as Solano State Prison, that offers "Adult Substance Abuse Treatment Services and an inmate mentoring program to help him overcome his longtime addiction to methamphetamine." (Fn. omitted.) He also asked the court to reconsider a 90-day diagnostic evaluation and to specify whether his sentence was "enhanced" for "using" a firearm or being "armed" with such. The motion came on for hearing on April 6, 2012. With respect to the firearm, the court explained having the loaded firearm was an element of the possession offense, not an "enhancement." The prosecutor continued to oppose a diagnostic evaluation and urged the court to maintain the sentence it had imposed.

Stating placement at a CRC,[4] "wasn't addressed at the sentencing," the court continued the matter for "an oral report from the probation department" on whether defendant was eligible for CRC.

The matter was called again on April 25, 2012. The probation department concluded defendant was technically eligible for CRC. Defense counsel argued defendant was not "a violent person" and urged that he be sentenced to CRC. The prosecutor argued defendant's criminal history and the nature of his current convictions would exclude him from CRC, and urged the court to maintain its sentence. Treating defendant's motion, with defense counsel's concurrence, as made pursuant to section 1170, subdivision (d), to recall the sentence (since he had filed a notice of appeal which otherwise divested the court of jurisdiction), the trial court denied defendant an opportunity for CRC "for the same reasons" it was sending him to prison—the seriousness of the offenses. It refused to "take that chance" he would engage in such conduct again "should he fail on CRC parole after completing that program." In addition, the court considered a number of circumstances, including his criminal history, indicating he was unsuitable for CRC.

## DISCUSSION

"Section 12022.1, subdivision (b) provides: 'Any person arrested for a secondary [felony] offense [that] was alleged to have been committed while that person was

---

[4] Though not entirely clear from the record, it appears the parties' and the court's reference to CRC refers to a California Rehabilitation Center commitment as discussed in *People v. Cruz* (1990) 217 Cal.App.3d 413, 416, a case the trial court cited. A CRC commitment pursuant to Welfare and Institutions Code section 3051, no longer available as of July 1, 2012, is a "commitment of the defendant to the Secretary of the Department of Corrections and Rehabilitation for confinement in the narcotic detention, treatment, and rehabilitation facility" which can be granted "unless, in the opinion of the judge, the defendant's record and probation report indicate such a pattern of criminality that he or she does not constitute a fit subject for commitment under this section." (Welf. & Inst. Code, § 3051, subds. (a), (d).)

7

released from custody on a primary [felony] offense *shall be subject to a penalty enhancement of an additional two years* [*in state prison*] which shall be served consecutive to any other term imposed by the court. (Italics added.)' " (*People v. Meloney* (2003) 30 Cal.4th 1145, 1154 (*Meloney*).) Despite the mandatory language of section 12022.1, the trial court nevertheless retains discretion, in the interests of justice, to strike an out-on-bail enhancement under section 1385. (*Meloney*, at pp. 1155–1156; see § 1385, subd. (a) ["The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. . . ."].)

As we have discussed above, however, defendant never suggested that the trial court exercise its discretion under section 1385 to strike the out-on-bail enhancement alleged in connection with the evasion charge under Vehicle Code section 2800.2, subdivision (a) and which he admitted as part of the negotiated disposition. He has therefore waived any claim on appeal that the trial court failed to understand that it had discretion under section 1385 to strike the enhancement. (See *People v. Carmony* (2004) 33 Cal.4th 367, 375–376 (*Carmony*) ["any failure on the part of a defendant to invite the court to dismiss under section 1385 . . . waives or forfeits his or her right to raise the issue on appeal"];[5] *People v. Lee* (2008) 161 Cal.App.4th 124, 129.)

We therefore consider whether defendant's trial counsel rendered ineffective assistance by failing to suggest that the trial court strike the out-on-bail enhancement under section 1385. To establish an IAC claim, a defendant must show: "(1) his or her counsel's performance was below an objective standard of reasonableness under

---

[5] While *Carmony* involved a claim that a motion to dismiss a prior strike under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 529–530, should have been made, the particular kind of section 1385 motion in question was not the focus of the Supreme Court's analysis. Rather, the court's waiver discussion focused on section 1385 generally and thus is applicable to any section 1385 motion, including to strike an enhancement.

prevailing professional norms and (2) the deficient performance prejudiced the defendant." (*In re Hill* (2011) 198 Cal.App.4th 1008, 1016 (*Hill*); see *Strickland v. Washington* (1984) 466 U.S. 668, 687, 691–692 (*Strickland*); *People v. Ledesma* (1987) 43 Cal.3d 171, 216–217 (*Ledesma*).)

" 'In evaluating a defendant's claim of deficient performance by counsel, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" [citations], and we accord great deference to counsel's tactical decisions. [Citations.] . . . Accordingly, a reviewing court will reverse a conviction on the ground of inadequate counsel "only if the record on appeal affirmatively discloses that counsel had no rational tactical purpose for his act or omission." ' (*People v. Frye* (1998) 18 Cal.4th 894, 979–980 . . . , disapproved on another ground in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22 . . . .)" (*Hill*, *supra*, 198 Cal.App.4th at p. 1016.) "To show prejudice, a defendant must show there is a reasonable probability that he or she would have received a more favorable result had his or her counsel's performance not been deficient. (*Strickland*, [*supra*, 466 U.S.] at pp. 693–694 . . . ; *Ledesma*, [*supra*, 43 Cal.3d] at pp. 217–218 . . . .)" (*Hill*, *supra*, 198 Cal.App.4th at p. 1017; see also *People v. Roberts* (2011) 195 Cal.App.4th 1106, 1129–1130.)

While an attorney's "dereliction concerning sentencing matters and plea bargaining" may constitute ineffective assistance (*Wiley v. County of San Diego* (1998) 19 Cal.4th 532, 542), the record in this case forecloses any conclusion that "counsel had no rational tactical purpose" for not suggesting that the trial court exercise its discretion under section 1385 to strike the out-on-bail enhancement. To the contrary, what the record shows is that admission of and sentencing on the out-on-bail enhancement was an important part of the plea deal. Not only was the prosecuting attorney specific that defendant had to admit the enhancement, he stated at the time he recited the terms of the deal that the admission would result in a two-year consecutive sentencing term. The trial court further reiterated the point and asked defendant if he understood and agree to it,

9

which he did.  It makes abundant sense that, having reached such a negotiated disposition, defense counsel would make no suggestion that the trial court strike the enhancement defendant agreed to admit.

We also agree with the Attorney General that in light of the negotiated disposition, the record here does not support any claim that the trial court erred.  (See *People v. Gutierrez* (2002) 28 Cal.4th 1083, 1140 [no IAC based on failure to object where evidence was properly admitted].)  It is apparent the court understood, and reasonably so, that defendant's admission of the out-on-bail enhancement as part of the negotiated disposition was dispositive as to the imposition of the two-year consecutive term. Accordingly, this is not a case where the record suggests the trial court was in error as to the law or its authority.  Rather, we must presume the trial court was aware of its discretion under section 1385, but concluded the negotiated disposition did not contemplate any exercise of that discretion.  (See *People v. Fuhrman* (1997) 16 Cal.4th 930, 945 ["in a 'silent record' case" where the record does not affirmatively show any misunderstanding of the law, the  "appellate court [should] deny the request for remand"]; *People v. Sullivan* (2007) 151 Cal.App.4th 524, 549 ["any uncertainty in the record must be resolved against the defendant"].)

Finally, even if the trial court erred, which it did not, and even if trial counsel's representation was constitutionally deficient, which it was not, the record does not establish that defendant was prejudiced as a result of counsel's not raising section 1385. The trial court stated on the record counsel had done an exceptional job in representing defendant in connection with sentencing, identifying every possible mitigating factor or circumstance and strongly advocating for sentencing options substantially less harsh than that recommended by the probation department.  The trial court was persuaded to impose the midterm, rather than the high term recommended by the probation department, as to the conviction for possession of methamphetamine with a loaded firearm.  But in every other respect, the trial court consistently returned to the nature of the crimes, defendant's

10

extensive prior criminal history, his generally poor performance on probation or parole, and the paramount need to protect the public's safety to justify the need for a significant prison sentence and rejection of the lesser punishments defense counsel advocated. We conclude that on this record there is no probability the trial court would have struck the out-on-bail enhancement had defense counsel raised the issue. Indeed, had the trial court felt a lesser prison term was appropriate, it could have imposed the low term for both convictions and it could have ordered the possession and evasion sentences to run concurrently. It indicated no inclination to do so. (See *People v. Mack* (1986) 178 Cal.App.3d 1026, 1033–1034 [given long history of violent behavior, the crime and danger to community without imprisonment, any error of trial court in failing to realize it could strike a five-year enhancement was harmless].)

**DISPOSITION**

The judgment is affirmed.

_____
Banke, J.

We concur:

_____
Margulies, Acting P. J.

_____
Dondero, J.