Filed 6/24/16  P. v. Bartelson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>SEAN CHRISTOPHER BARTELSON,<br><br>        Defendant and Appellant. | D068220<br><br><br>(Super. Ct. Nos. SCD252024 & SCS269161) |

APPEAL from a judgment of the Superior Court of San Diego County, Howard H. Shore, Judge.  Affirmed.

Dacia A. Burz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Sean Christopher Bartelson pled guilty to one count of attempted robbery and two counts of assault with a deadly weapon. He admitted having two strike priors,[1] but moved under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*) to "strike" one of them under section 1385.[2] The trial court denied the motion and sentenced defendant as a third-strike offender. On appeal, defendant contends the trial court erred in denying the motion by failing to consider as mitigating factors defendant's "Three Strikes" sentence in another case and his drug addiction. We reject this contention and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

*Case No. SCD252024: The "Attempted Robbery Case"*

On July 30, 2013, Landon Garrett-Clifton (Clifton) went to the Mission Trails Dam to go fishing. As he walked from his parked truck to the lake, he passed defendant and a female. Defendant asked Clifton if he had any "weed." Clifton replied he did not do that sort of thing, and continued walking.

After fishing for 15 to 30 minutes, Clifton realized he forgot to lock his vehicle, so he returned to the parking lot to do so. After Clifton locked his vehicle, defendant

---

[1]     "We use the term 'strike' to describe a prior felony conviction that qualifies a defendant for the increased punishment specified in the Three Strikes law." (*People v. Fuhrman* (1997) 16 Cal.4th 930, 932, fn. 2; see Pen. Code, §§ 667, 1170.12; all further undesignated statutory references are to the Penal Code.)

[2]     Section 1385, subdivision (a) provides in part that a "judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." "A *Romero* 'motion' is in fact a *request* that the court exercise its authority under section 1385 to strike a prior felony conviction." (*People v. Lee* (2008) 161 Cal.App.4th 124, 126, fn. 2 (*Lee*).)

grabbed him, pulled him between two parked vehicles, and pointed a knife at Clifton's chest. Defendant said, "Where is the heroin? Where is the heroin? Give me the heroin, I know you have the heroin."

The woman who was with defendant intervened and warned defendant, "You are gonna go to jail." Defendant then looked in the back of his truck and asked Clifton, "Did you put the heroin in my truck?" Defendant warned, "I swear to God if you mess with my truck, I will kill you." Defendant grabbed a long skateboard from the back of his truck, held it like a spear, and lunged at Clifton. Defendant asked again, "Where is the heroin?"

Defendant then became distracted by a sock on the ground. He picked it up and started chewing it, saying, "It's heroin in the sock." When the woman again intervened and warned defendant he would be arrested, Clifton fled and flagged down a motorist to call 911. Defendant had left by the time police arrived, but authorities later identified defendant by DNA he left on the chewed sock.

On January 22, 2015, defendant pled guilty to one count of attempted robbery (§§ 211, 664) and two counts of assault with a deadly weapon (§ 245, subd. (a)(1)). He admitted allegations regarding numerous enhancements, including that he had two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, 668).

We discuss defendant's sentence in the Attempted Robbery Case below.

*Case No. SCS269161: The "Burglary Case"*

On December 9, 2013, Maria Canizalez drove to work at the Veterans Home of California in Chula Vista and left her purse inside her parked, locked vehicle. When she

3

returned to her vehicle after work, she discovered someone had broken into it and stolen her purse. Canizalez reported the theft to police, who later determined defendant had taken Canizalez's purse and used her credit cards at various department stores. A search of defendant's vehicle incident to his arrest revealed methamphetamine and hypodermic syringes.

On the same day defendant pled guilty in the Attempted Robbery Case, he also pled guilty in the Burglary Case to one count of using another person's personal identifying information (§ 530.5, subd. (a)) and one count of burglarizing a vehicle (§ 459). As part of the plea agreement, the prosecutor dismissed several counts, enhancement allegations, and one strike prior. Accordingly, defendant admitted to having only one strike prior in the Burglary Case.

Based on defendant's status as a second-strike offender, the trial court sentenced him to a term of four years on the identity theft count, and one year four months on the burglary count. The court imposed this sentence consecutively to defendant's sentences in the Attempted Robbery Case and another case we discuss in the next paragraph. Defendant did not object to this sentence below, and does not challenge it on appeal.

*Case No. SCE338458: The "Evasion Case"*[3]

On December 22, 2013, defendant failed to yield to police officers who had initiated a traffic stop. Defendant led the officers on a six-mile chase before crashing into two vehicles and injuring occupants of both.

Defendant was convicted of one count of causing serious bodily injury while evading a peace officer (Veh. Code, § 2800.3) and one count of failing to stop at the scene of an accident (Veh. Code, § 20001, subd. (b)(1)).

Defendant moved to strike one of his strike priors, but the court denied the motion. Accordingly, the trial court sentenced defendant to a Three Strikes sentence of 25 years to life, plus 10 years. Defendant has appealed his conviction in the Evasion Case (*People v. Bartelson* (D067471, app. pending)), but in the appeal he does not challenge the court's denial of his *Romero* motion or the sentence imposed.

*Defendant's* Romero *Motion and Sentence in the Attempted Robbery Case*

In his sentencing memorandum, defendant moved to strike one of his strike priors in "the interest of justice." He cited seven reasons in support: (1) neither the current offenses nor strike priors involved violence or the use of a weapon;[4] (2) the strike priors occurred during "a single aberrant period of time"; (3) the current offenses and the prior strike offenses were dissimilar; (4) defendant was only 35 years old; (5) defendant's

_____

3     The Evasion Case proceeded independently below and is not the object of this appeal; nonetheless, we discuss it because it is relevant to defendant's challenge to his sentence in the Attempted Robbery Case.

4     Defendant's memorandum conceded one of his priors was "nominally a violent strike."

5

family supported him; (6) defendant asserted he was willing to participate in rehabilitation and had been accepted into a treatment program; and (7) defendant stated he "has a demonstrated ability to live a stable life."

The People's sentencing memorandum urged the court to reject defendant's request for relief, arguing defendant was "the very type of person contemplated under the Three Strikes Law." The People cited defendant's criminal history, which includes: (1) a burglary in 1997; (2) arrests for possession of drug paraphernalia in 2006 and 2007; (3) a residential burglary in 2008 during which the resident returned home (his first strike prior); (4) another residential burglary in 2009 while on parole for the 2008 burglary (his second strike prior); and (5) the fact defendant was on parole for the 2009 burglary when he committed the offenses giving rise to the Robbery, Burglary, and Evasion Cases. The People's memorandum also advised the court that defendant had unsuccessfully moved to strike a strike in the Evasion Case and had been sentenced to 25 years to life, plus 10 years. The memorandum referenced defendant's sentence in the Evasion Case four times.

The probation report in the Attempted Robbery Case also recommended defendant receive a Three Strikes sentence. In addition to reciting defendant's criminal history, the report referenced defendant's sentence in the Evasion Case twice.

At the March 17, 2015, sentencing hearing, the prosecutor argued defendant's sentencing memorandum mischaracterized the Attempted Robbery Case as not involving weapons or violence; defense counsel conceded the point. The prosecutor emphasized defendant had accumulated an extensive criminal record by age 35, and reminded the court of the Three Strikes sentence in the Evasion Case. The prosecutor questioned

6

defendant's claim he was willing to participate in rehabilitation, noting defendant refused an interview with the probation department while in custody. When the prosecutor argued defendant's current offenses were not drug related, the court corrected her, asking, "Well, didn't he say, 'Give me the heroin?' "

Defense counsel reiterated his view that it would further the interests of justice to strike one strike prior in the Attempted Robbery Case; he had no objection to the sentence in the Burglary Case. Defendant addressed the court, explaining he was unable to meet with the probation department because he was "really sick" that day and had been taken to the jail's medical department. He acknowledged he "did a lot of things wrong," but insisted he had only done them because of his drug addiction.

The court stated it had read the probation reports in the Robbery and Burglary Cases and the parties' sentencing memoranda. The court denied defendant's *Romero* motion with the following explanation:

> "Well, as the People's sentencing memorandum accurately points out, the case law that discusses *Romero*, which is the decision that allows courts to strike strikes[,] talks about drug offenses, and there is a big difference between somebody committing a drug offense and then immediately seeking help for the drug problem and somebody who commits crimes over and over again without seeking assistance and just continues to victimize others, and this series of crimes falls within the latter category.
>
> "As the People have stated, almost all of these crimes except for the nonviolent thefts, the identity theft and so forth in one of the cases, involve extreme danger to people. Pulling out a knife and threatening someone, attempting to rob them is a violent crime.
> "The [Evasion Case] involved fleeing from the police and leading them on a six-mile chase, which obviously

7

represented a grave danger to everyone around, including the officers involved. The [chase] ended . . . when the defendant struck two different vehicles, and a 74-year-old man had to be rescued from his vehicle by the fire department[;] the door couldn't be opened.

"And I can go on and on, but obviously the defendant has demonstrated absolutely no concern for the safety or rights of others, so there's nothing under *Romero* or any of the subsequent cases interpreting the power of the court under . . . section 1385 to strike strikes that I could use as a basis for adjudication for striking the strikes, so I'm not going to do that."

Defendant immediately moved to withdraw his guilty plea, claiming "I wasn't in my right frame of mind and I didn't know what I was doing." When the court denied his request as untimely and unwarranted, defendant blurted out, "I'm under the influence right now, so I shouldn't be in court." The court responded, "Yeah, I don't believe you."

The court then sentenced defendant in the Attempted Robbery Case as a third-strike offender to an indeterminate term of 25 years to life on the robbery count, plus 11 years for the enhancements attached to that count, consecutive to the term imposed in the Evasion Case. The court imposed sentences on the assault counts, but stayed them under section 654.

Defendant filed a notice of appeal on May 18, 2015.

DISCUSSION

Defendant contends the trial court erred by failing to consider his Three Strikes sentence in the Evasion Case and his drug addiction as mitigating factors in ruling on his *Romero* motion. The Attorney General argues defendant's appeal is untimely because it was filed 62 days after the court rendered judgment. Alternatively, the Attorney General

8

argues defendant's appeal fails on the merits.  We conclude the appeal is timely, but is without merit.

## I.  *Timeliness*

The Attorney General argues this appeal is untimely because the court rendered its judgment on March 17, 2015, yet defendant did not file a notice of appeal until May 18, 2015, two days beyond the 60-day deadline for doing so.  (See Cal. Rules of Court, rule 8.308(a)(1).)  This argument is without merit.  The 60th day after March 17, 2015, was May 16, 2015—a Saturday.  When the deadline for filing a notice of appeal falls on a holiday (which includes weekends), the deadline is extended to the next day that is not a holiday.  (Cal. Rules of Court, rules 1.10(a)-(b), 8.60(a); Code Civ. Proc., §§ 12, 12a.)  In this case, that was Monday, May 18, 2015—the day defendant filed his notice of appeal.  Accordingly, the appeal is timely.

## II.  *Denial of Defendant's* Romero *Motion*

### A.  *Relevant Legal Principles*

A trial court has the discretion under the "Three Strikes" law to dismiss or "strike" a strike prior "in furtherance of justice."  (§ 1385, subd. (a); *Romero, supra*, 13 Cal.4th at p. 504.)  In deciding whether to do so, "the court . . . must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes law]'s spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies."  (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).)

The Three Strikes law "not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm . . . . [T]he law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*People v. Carmony* (2004) 33 Cal.4th 367, 378 (*Carmony*).) "The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310 (*Myers*).)

We review the trial court's ruling for an abuse of discretion. (*Carmony, supra*, 33 Cal.4th at p. 378.) " ' "[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*Id.* at pp. 376-377.) "[A] ' "decision will not be reversed merely because reasonable people might disagree." ' " (*Id.* at p. 377.) Rather, "a trial court will only abuse its discretion in failing to strike a prior felony . . . in limited circumstances. For example, an abuse of discretion occurs where the trial court was not 'aware of its discretion' to dismiss [citation], or where the court considered impermissible factors in declining to dismiss [citation]." (*Id.* at p. 378.) A trial court also abuses its discretion when its decision is not in conformity with the "spirit" of the Three Strikes law. (*Williams, supra*, 17 Cal.4th at p. 161.)

B. *Defendant's Sentence in the Evasion Case as a Mitigating Factor*

Defendant contends the trial court abused its discretion by being unaware it had the discretion to consider defendant's Three Strikes sentence in the Evasion Case as a mitigating factor in the Attempted Robbery Case. As we will explain, defendant forfeited this challenge because his *Romero* motion made no mention of his sentence in the Evasion Case. In any event, the challenge would fail on the merits.

"It is defendant's prerogative to decide how best to present his request that a prior felony conviction be stricken. How it is argued and which facts are relied upon in making the request are matters of discretionary tactics. It is not the court's function to marshal evidence for the parties or to make tactical judgments about how the parties should present their arguments." (*Lee, supra*, 161 Cal.App.4th at p. 130.) Defendant's *Romero* motion cited seven mitigating factors; however, his sentence in the Evasion Case was not one of them. Accordingly, defendant cannot fault the trial court for not granting relief on that basis. (*Lee,* at p. 131 ["unless the defendant presents evidence in support of his request, he forfeits his right to complain that the court's denial of *Romero* relief did not take into account that evidence"].)

Defendant's challenge would also fail on the merits. He argues that until the California Supreme Court decided *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*), which occurred after the trial court sentenced defendant, the state of the law was unclear whether the trial court could consider defendant's Three Strikes sentence in the Evasion Case as a mitigating factor in the Attempted Robbery Case. Because of this supposed pre-*Johnson* ambiguity, defendant reasons the presumption that a trial court has followed

11

established law does not apply and the record must affirmatively show the court applied the correct law. (See *People v. Jeffers* (1987) 43 Cal.3d 984, 1000.) He argues the trial court's comments during the sentencing hearing negate such a showing. We disagree in all respects.

First, defendant overstates the import of *Johnson* and understates the import of *People v. Garcia* (1999) 20 Cal.4th 490 (*Garcia*). In *Johnson*, the California Supreme Court considered two issues regarding *resentencing* under the Three Strikes Reform Act of 2012 (the Act): (1) in determining whether a strike prior is a serious or violent felony that disqualifies an inmate from resentencing, whether the court looks to the law in effect at the time of the strike prior offense or the law in effect on the Act's effective date; and (2) whether an inmate is eligible for resentencing on a qualifying count even if he is ineligible for resentencing on an unqualified count. (*Johnson, supra*, 61 Cal.4th at p. 679.) Although neither of these issues is before us, in resolving the second issue the *Johnson* court relied heavily on *Garcia* (*Johnson*, at pp. 689-690), which did address an issue before us.

In *Garcia*, the defendant was convicted of two counts of burglary and the court found true the allegation he had five strike priors that arose from five burglaries that he committed "during a short crime spree." (*Garcia, supra*, 20 Cal.4th at p. 493.) Defendant moved to strike four of his strike priors on the basis his drug addiction was a mitigating factor. (*Id.* at p. 494.) The court imposed a Three Strikes sentence on one burglary count, but struck all five strike priors as to the other. (*Id.* at p. 495.) The court did so because all the strike priors " 'refer [to] one case, defendant has cooperated with

12

police in both cases, is addicted to drugs and has not suffered any violent priors.' " (*Ibid.*) On appeal, the People challenged the trial court's discretion to "strike the prior conviction allegations as to [one] burglary while not striking them as to the [other]." (*Ibid.*) The Court of Appeal reversed. (*Id.* at pp. 495, 504.)

In reversing, the California Supreme Court distilled three key principles: (1) "a trial court has discretion in a Three Strikes case to strike prior conviction allegations on a count-by-count basis" (*Garcia, supra*, 20 Cal.4th at p. 499); (2) a defendant's sentence on one count is "a relevant consideration when deciding whether to strike a prior conviction allegation" as to another count because "a defendant's 'prospects' [citation] will differ greatly from one count to another because a Three Strikes sentence on one count will itself radically alter those prospects" (*id.* at p. 500); and (3) there is "no support in logic" for applying the count-by-count approach differently "simply because two convictions are part of a single proceeding rather than two different proceedings" (*id.* at p. 499). With these principles in mind, the Supreme Court found the trial court's stated reasons for striking the strike priors did not reflect an abuse of discretion. (*Id.* at p. 503.)

As just set out, *Garcia*—not *Johnson*—first made clear that the trial court could consider defendant's Evasion Case sentence in evaluating defendant's *Romero* motion in the Attempted Robbery Case. Because this law has been clear since 1999—more than 15 years before the trial court denied defendant's motion—we presume the trial court followed the law.

Defendant argues, contrary to this presumption, that because the trial court "failed to articulate the fact that it considered" the Evasion Sentence, the court must not have

13

considered it.  The argument fails.  (See, e.g., *Myers, supra*, 69 Cal.App.4th at p. 310 ["the fact that the court focused its explanatory comments on the violence and potential violence of appellant's crimes does not mean that it considered only that factor"].)  The trial court stated it read the probation report—which mentioned the Evasion Sentence twice—and the parties' sentencing memoranda—in which the prosecutor (but not defendant) mentioned it four times.  The prosecutor also mentioned the sentence during argument.  This record supports a reasonable inference the trial court considered defendant's sentence in the Evasion Case.

Finally, defendant's selective reading of the trial court's ruling does not persuade us the court was unaware of the scope of its discretion.  Defendant argues the following transcript excerpt supports his position:  " '[T]here's nothing under *Romero* or any of the subsequent cases interpreting the power of the court under . . . section 1385 to strike strikes that I could use as a basis for adjudication for striking the strikes, so I'm not going to do that . . . .' "  (Italics omitted.)  However, the more reasonable interpretation of this passage is that based on defendant's criminal history, aspects of which the court expressly referenced in its ruling, none of the relevant mitigating factors—including defendant's sentence in the Evasion Case—warranted departing from the Three Strikes law's "sentencing norm."  (*Carmony, supra*, 33 Cal.4th at p. 378 ["[T]he law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper."].)

14

In sum, the record does not support defendant's contention that the trial court misunderstood the scope of its discretion regarding defendant's sentence in the Evasion Case.

### C.  *Defendant's Drug Addiction as a Mitigating Factor*

Defendant contends the trial court distinguished between " 'drug offenses' " and " 'drug *related*' " offenses, and erroneously concluded that only the former can support a finding that a defendant's drug addiction is a mitigating factor.  (Italics added.)  He bases this argument on the following passage from the court's explanation of its ruling:

> "Well, as the People's sentencing memorandum accurately points out, the case law that discusses *Romero*, which is the decision that allows courts to strike strikes, talks about drug offenses, and there is a big difference between somebody committing a drug offense and then immediately seeking help for the drug problem and somebody who commits crimes over and over again without seeking assistance and just continues to victimize others, and this series of crimes falls within the latter category."

The quoted passage does not support defendant's argument.  The court was not distinguishing between the nature of *offenses*, but rather between the nature of *offenders*—those who seek rehabilitative assistance early in their criminal careers, and those who persist in criminal activity without ever seeking such assistance.  The record supports the court's finding that defendant fell into the latter category.  Courts routinely find "drug addiction is not necessarily regarded as a mitigating factor when a criminal defendant has a long-term problem and seems unwilling to pursue treatment."  (*People v. Martinez* (1999) 71 Cal.App.4th 1502, 1511; see, e.g., *People v. Gaston* (1999) 74 Cal.App.4th 310, 322 ["Although 'drug use appears to be an underlying factor in

15

[appellant's] criminal behavior, and in fact may be the root cause thereof,' the record is barren of any attempts by [defendant] to 'root out' such destructive drug dependency. Accordingly, his drug dependency does not fall into the category of mitigating circumstances."], first bracket in original; *Williams, supra*, 17 Cal.4th at p. 163 ["But neither can we ignore the fact that he . . . did not follow through in efforts to bring his substance abuse problem under control."].)  The trial court did not abuse its discretion in reaching that conclusion here.

Defendant also contends the trial court abused its discretion by ignoring his claim he was amenable to participating in rehabilitation.  Assuming the court found the claim credible—a dubious assumption in light of the court's statement that it did not believe defendant's claim to be under the influence at the sentencing hearing—the court would not have abused its discretion in finding the assertion to be too little, too late.

DISPOSITION

The judgment is affirmed.

HALLER, J.

WE CONCUR:


BENKE, Acting P. J.


McDONALD, J.

16