[No. F052081. Fifth Dist. Mar. 25, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
PAUL RICHARD LEE, Defendant and Appellant.

COUNSEL

Tim Warriner, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Mark A. Johnson and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

KANE, J.—After defendant pled no contest to multiple felonies and admitted a prior felony conviction, he filed a *Romero*[1] motion in which he asked the sentencing court to dismiss ("strike") his prior felony conviction under Penal Code section 1385.[2] In support of the motion, defendant argued that the prior conviction occurred nine years earlier, he successfully completed probation

---

[1] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628] (*Romero*).

[2] All statutory references are to the Penal Code unless otherwise noted.

Section 1385, subdivision (a) provides: "(a) The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice,

for that conviction, and the circumstances of the instant offense warranted leniency. The sentencing court denied the motion, reasoning that the circumstances of the prior and instant offenses did not justify a striking of the prior felony conviction in furtherance of justice.

■ Defendant appeals the denial of his *Romero* motion. He contends the court abused its discretion when it predicated its ruling on the circumstances of the prior and instant offenses instead of considering evidence of his "background, character, and prospects," even though neither he nor the prosecution ever presented such evidence to the court and defendant never asked the court to consider his background, character or prospects. Defendant contends the trial court had an independent obligation to summon evidence of his background, character and prospects before ruling on the *Romero* motion. We disagree and affirm.

## PROCEDURAL SUMMARY

Defendant pled no contest to first degree residential burglary (§ 459), receiving stolen property (§ 496, subd. (a)) and grand theft (§ 487, subd. (a)). He also admitted the allegation that he previously had been convicted of robbery (§ 211), a serious and violent felony within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)). He requested that the court strike the prior robbery conviction for purposes of sentencing pursuant to *Romero*. The sentencing court denied defendant's motion to strike the prior felony conviction and imposed a four-year prison term.

## DISCUSSION

■ Defendant appeals on the sole ground that the trial court abused its discretion when it denied his *Romero* motion. In *Romero*, the court concluded that section 1385, subdivision (a), permits a trial court to strike prior felony conviction allegations in cases brought under the Three Strikes law. (*Romero*, *supra*, 13 Cal.4th at pp. 529–530.) In exercising its discretion to strike a prior felony conviction pursuant to section 1385, subdivision (a), or in reviewing such a ruling, the court must consider "whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony

order an action to be dismissed. The reasons for the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading."

A *Romero* "motion" is in fact a *request* that the court exercise its authority under section 1385 to strike a prior felony conviction. (*People v. Carmony* (2004) 33 Cal.4th 367, 375 [14 Cal.Rptr.3d 880, 92 P.3d 369].) Our use of the term "motion" is simply in deference to the common usage in the trial courts.

convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161 [69 Cal.Rptr.2d 917, 948 P.2d 429].)

The gist of defendant's complaint on appeal is that in denying his *Romero* motion, the trial court predicated its decision only on the facts of the prior and current offenses and failed to inquire into his "background, character, and prospects" (*People v. Williams, supra,* 17 Cal.4th at p. 161). Specifically, the sentencing judge made the following comments after hearing argument on the *Romero* motion: "I recognize there are unusual circumstances that—that apply to the instant offense; however, it seems to me in light particularly of your prior criminal history and the prior robbery which, although [it was] not a traditional robbery, [was] nevertheless a purse snatch of a woman in the parking lot of a Target Store, [was] a very serious offense, sir. [¶] And while those circumstances may be unusual, they are not unusual circumstances that would make it in the interest of justice in this court's view to strike the strike. So your *Romero* motion is denied."

At the time of sentencing, the court read and considered a short-form probation report concerning the instant offense and a copy of a more comprehensive probation report regarding the 1998 robbery offense. While the earlier probation report discussed defendant's educational background and drug usage, that information related to the time period predating November 3, 1998, the date of the earlier probation report. No up-to-date information concerning defendant's background, character or prospects was provided by probation, the prosecution or the defense.

In addition to reviewing the two probation reports, the court reviewed and considered defendant's written request that the court exercise its discretion under section 1385 to strike the prior conviction. In that motion and at the time of oral argument on the motion, defense counsel made no mention of, and did not request the court to inquire about, any aspects of defendant's character or past, except for the circumstances of the prior and current offenses, and his successful completion of probation in the earlier case. Defendant contends that additional information about his background, past and prospects should have been considered by the court, notwithstanding that he did not advance that contention in the trial court and does not on appeal describe the particulars of the omitted information that would have allegedly enhanced the merits of his *Romero* motion.

Defendant's position seems to be that when considering a *Romero* motion, it is *incumbent upon the court* to ensure that the particulars of the defendant's

background, character and prospects are before the court and, if that information is not presented to the court by the parties, it becomes the court's obligation to order someone (presumably the probation department or the defense) to gather said information and present it to the court before it rules on the *Romero* motion.

Defendant's position is without merit and finds no support in the law. Neither our state Supreme Court nor any of our state appellate courts have annunciated the rule urged by defendant that a trial court may not rule on a *Romero* motion unless the court has before it adequate information about the defendant's background, character and prospects. Defendant has not cited any case in which such a rule has been recognized. Indeed, language in case law supports the contrary position.

█ Under section 1385, the trial court has no sua sponte duty to consider striking a prior conviction, and a defendant has no right to make a motion to strike a prior conviction. (*People v. Carmony, supra*, 33 Cal.4th at p. 375.) On the other hand, the defendant has the right to request that the court exercise its power to strike a prior conviction on its own motion, and " 'the court must consider evidence offered by the defendant in support of his assertion that the dismissal would be in furtherance of justice.' [Citation.]" (*Ibid.*, quoting *Rockwell v. Superior Court* (1976) 18 Cal.3d 420, 441 [134 Cal.Rptr. 650, 556 P.2d 1101].) "[A]ny failure on the part of a defendant to invite the court to dismiss under section 1385 following *Romero* waives or forfeits his or her right to raise the issue on appeal." (*People v. Carmony, supra*, at pp. 375–376, citing *People v. Scott* (1994) 9 Cal.4th 331, 352–353 [36 Cal.Rptr.2d 627, 885 P.2d 1040].)

█ It is one thing to say that the court must consider evidence offered by the defendant in support of his motion, but quite another to say that the court must gather and consider evidence that was not presented. We reject the notion that a defendant's request under section 1385 imposes on the trial court a sua sponte investigational duty to ferret out facts potentially supporting the defendant's request. We believe the burden instead is on the defendant to provide the facts. As the court in *People v. Begnaud* (1991) 235 Cal.App.3d 1548 [1 Cal.Rptr.2d 507] observed (as altered to fit the facts of this case): "Who better than defendant would know whether [the particulars of his background, character and prospects] would disclose a basis for [striking the prior conviction]? One might infer from the failure to request [consideration of those facts] or to object to the court's proceeding without [consideration of those facts] that defendant knows [those facts] will not benefit him. From this[,] one could infer not only that the error is harmless but also that defendant knowingly waived his right to [consideration of those facts]. [Citation.] A defendant should not be allowed to stand silent when the court

proceeds without [consideration of those facts], gamble that a trial court will impose a lesser term of imprisonment and then urge reversal for the failure to obtain [those facts] without being required to make some showing that he was prejudiced thereby." (*Id.* at p. 1556, fn. 7.)

Here, defendant made a specific request for *Romero* relief, citing specific facts concerning his past behavior, criminal record, probation performance and facts of the instant offense. On the basis of those facts, defendant urged the trial court to strike the prior robbery conviction. The trial court declined to do so for reasons stated. Defendant may not now complain that the trial court abused its discretion because it did not consider evidence that was never presented. It is defendant's prerogative to decide how best to present his request that a prior felony conviction be stricken. How it is argued and which facts are relied upon in making the request are matters of discretionary tactics. It is not the court's function to marshal evidence for the parties or to make tactical judgments about how the parties should present their arguments.

Defendant cites *People v. Thornton* (1999) 73 Cal.App.4th 42 [86 Cal.Rptr.2d 84] and *Oldham v. California Capital Fund, Inc.* (2003) 109 Cal.App.4th 421 [134 Cal.Rptr.2d 744] (*Oldham*). Neither case supports his position.

In *People v. Thornton, supra,* 73 Cal.App.4th 42, the trial court granted *Romero* relief, striking two of the defendant's three prior convictions, finding that they were not within the spirit of the Three Strikes law. The Court of Appeal reversed, holding that the trial court abused its discretion based on its conclusion regarding the seriousness of the stricken priors. The court also held that the trial court abused its discretion in making a decision which took little or no account of the particulars of the defendant's background, character and prospects. However, in that case, there was evidence before the court regarding the defendant's background, character and prospects, which the appellate court described as "dismal" and for that reason concluded the trial court's decision that the two prior convictions were not within the spirit of the Three Strikes law was error. (*People v. Thornton, supra,* at p. 49.) *Thornton* is distinguishable from the present case because in *Thornton* the court was presented with evidence concerning the defendant's background, character and prospects, which the appellate court concluded the trial court completely *ignored.* On that basis, an abuse of discretion occurred. Here, except for the minimal information in the earlier probation report, there was arguably no information concerning defendant's background, character and prospects, except for his criminal record—which defendant specifically relied upon and urged the trial court to use in granting *Romero* relief.

*Oldham* was a civil case and did not have anything to do with a *Romero* motion. In *Oldham,* a judgment creditor objected to the court's approving a

settlement between a judgment debtor and the defendants, arguing that its lien entitled it to certain protections that court approval of the settlement would avoid. The Court of Appeal agreed with the objecting creditor, noting that the record did not reveal anything about the fund, its investors or a trust that may have been established for the investors, and that this lack of information was significant since if the trust did not exist or if there were no beneficiaries, the plaintiff could dispose of the property for his sole benefit without incurring liability to third parties. (*Oldham, supra*, 109 Cal.App.4th at pp. 432–434.) Defendant asserts that *Oldham* "stands for the proposition that the court must have the essential facts before it, and must actually evaluate those facts, in order to validly exercise judicial discretion." Significantly, the *Oldham* court held that *the plaintiff debtor who sought approval of the court's settlement bore the burden to produce evidence and facts* sufficient to allow the trial court to understand the entities involved, the property interests being transferred, and the relationship between the entities and those property interests. Such facts " 'bec[a]me conspicuous by their omission.' " (*Oldham, supra*, at p. 434.) If *Oldham* is pertinent at all to our case, it affirms the notion that the burden should be on defendant to present the relevant and necessary facts to support his request for *Romero* relief.

Here, defendant failed to produce evidence about his own background, character and prospects. He may have failed to present such evidence for tactical reasons, intending instead to emphasize the circumstances of his prior offense, the fact that he completed probation, and that there were unusual circumstances relating to the instant offense. He may have chosen not to present evidence about his background, character and prospects because that evidence may have painted an unfavorable or "dismal" picture of him (*People v. Thornton, supra*, 73 Cal.App.4th at p. 49).[3]

■ We conclude that, while the court must consider evidence *offered by the defendant* in support of his contention that it would be in furtherance of justice to strike a prior conviction, the court is under no duty to gather all relevant evidence that may or may not bolster the defendant's argument for relief. That would be an onerous and unreasonable burden that no appellate court has yet imposed and one this court declines to impose. Furthermore, because a defendant's failure to invite the court to strike a prior conviction under section 1385 forfeits his right to raise the issue on appeal, it follows that unless the defendant presents evidence in support of his request, he forfeits his right to complain that the court's denial of *Romero* relief did not take into account that evidence.

Lastly, we conclude the trial court's denial of *Romero* relief in this case did not constitute an abuse of discretion. The trial court is presumed to have

---

[3] Defendant does not allege ineffective assistance of counsel.

acted to achieve legitimate sentencing objectives, and defendant has failed to show that the court was not aware of its discretion to strike a prior conviction, considered impermissible factors in declining to strike, or acted so irrationally or arbitrarily that no reasonable person could agree with its denial of *Romero* relief. (*People v. Carmony, supra*, 33 Cal.4th at pp. 376–377.)

## DISPOSITION

The judgment is affirmed.

Vartabedian, Acting P. J., and Gomes, J., concurred.