Filed 6/11/24  P. v. Hansen CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RAYMOND HANSEN, JR.,<br><br>    Defendant and Appellant. | F087225<br><br>(Super. Ct. No. CR-23-004592)<br><br>**OPINION** |

### <u>THE COURT</u>*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Linda A. McFadden, Judge.

Vicki Hightower, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Franson, Acting P. J., Smith, J. and DeSantos, J.

Appellate counsel for defendant Raymond Hansen, Jr., has filed an opening brief summarizing the pertinent facts and raising no issues but asking this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes a declaration from appellate counsel stating defendant was advised of his right to file a brief of his own with this court. By letter dated February 28, 2024, we also invited defendant to submit additional briefing. While defendant did not file a response to that letter, we are aware of a letter he submitted on February 7, 2024, to this court before his attorney submitted an opening brief. The letter raised issues addressing the sentence he received. We have considered those concerns in our review.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following our Supreme Court's direction in *Kelly*, we provide a brief description of the facts and the procedural history of the case. (*Kelly*, at p. 110.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## PROCEDURAL SUMMARY

Following a preliminary hearing, an information was filed on September 27, 2023, charging defendant with making a false bomb report (Pen. Code,[1] § 148.1, subd. (c), a felony; count 1), committing vandalism (§ 594, subd. (b)(1), a felony; count 2), and obstructing a business operator (§ 602.1, subd. (a), a misdemeanor; count 3). Attached to counts 1 and 2 were special allegations stating defendant had suffered a prior serious or violent conviction for a homicide or attempted homicide and is subject to an indeterminate term of life imprisonment pursuant to section 667, subdivision (e)(2)(C)(iv). The information further alleged that with respect to counts 1 and 2, defendant had prior convictions for robbery (§ 211) in 1985 and 1990, a

---

[1] All further statutory references are to the Penal Code.

2

prior conviction for attempted murder (§§ 664/187) in 1990, and a prior conviction for an attempted lewd act upon a child (§§ 664/288) in 2011. Each of these prior convictions were alleged to qualify as prior strike convictions pursuant to section 667, subdivision (d), and section 1192.7, subdivision (c). The information further alleged four factors in aggravation pursuant to section 1170, subdivision (b).

On November 9, 2023, defendant entered a plea of no contest to count 1, for making a false bomb report, and further admitted he had a prior "strike" conviction in 1990. After defendant entered his no contest plea, the remaining allegations stated in the information were dismissed. On that same day, defendant was sentenced to the mitigated term of 16 months, doubled because of the prior "strike" conviction to 32 months. Various customary fines and fees were also imposed at this time.

On November 20, 2023, defendant filed a notice of appeal and requested the issuance of a certificate of probable cause. Defendant specifically challenged the trial court's reliance in sentencing on a prior conviction that was more than 30 years old. The court denied the request for a certificate of probable cause.

**FACTUAL SUMMARY**

On May 18, 2023, the assistant manager of a hotel in Stanislaus County was notified by housekeeping that there was a person in a room past the checkout time of 11:00 a.m. After knocking on the door in question and receiving no response, the assistant manager entered the room. The assistant manager observed belongings in the room and a closed bathroom door. She then knocked on the bathroom door. A male, later identified as defendant, responded saying he was in the shower. As she left the room, the assistant manager told defendant he needed to vacate the room and to "make it quick."

After the assistant manager returned to the room and repeated the request to vacate, defendant, who was still in the bathroom, stated that he had "a bomb in here."

3

The police were then called to the hotel. When the police arrived, other rooms were evacuated in a two-room radius from the room in question. Defendant continued to refuse to come out of the room. After chemical agents were deployed into the room, defendant was escorted out of the room in handcuffs.

The assistant manager soon discovered the room had been flooded with three to four inches of water, causing damage to the floors, walls, and door jams. In the bathroom, the toilet was broken, the tank was off its base, and the shower was damaged. Damage to the room was estimated to be in the thousands of dollars to repair. The assistant manager also estimated losses for lost room rentals and customers requesting discounts and refunds because they were frightened by the events of that day.

## DISCUSSION

Having carefully reviewed the entire record, we conclude there are no arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

We address one matter defendant raised in his notice of appeal and again in a letter to this court before appellate counsel had the opportunity to file an opening brief. Defendant argued that the prior "strike" conviction that resulted in his sentence being doubled should have been stricken because it was older than five years and too remote.

When entering his plea in the trial court, the following exchange occurred between the court and defendant:

> "THE COURT: … It's my understanding you wish to take advantage of the district attorney's offer. You'll be pleading in Count 1 to the felony, false bomb report. You'll be agreeing I can consider the vandalism when ordering restitution. Then you'll also be admitting to a [serious] felony prior. And you'll agree that the correct sentence here should be the lower term of 16 months for Count 1, multiplied by two for the serious felony prior, for a total of 32 months in state prison. The balance of this complaint will be dismissed. [¶] Is that what you wish to do?
>
> "[DEFENDANT]: Yes, ma'am.

4

"THE COURT:  I understand further you wish to be sentenced to the agreed-upon sentence today without my referring your matter to probation and having a formal probation report prepared; is that correct, sir?

"[DEFENDANT]:  Yes, ma'am.

"THE COURT:  Do you understand you'll be going to state prison, and once you've completed that sentence you'll be released on post release community supervision?  The period for that can last for up to three years .…  And then you could face up to 180 days in jail for each and every violation of post release.  [¶]  Do you understand this?

"[DEFENDANT]:  Yes, ma'am."

Later in the same hearing, the following exchange also occurred:

"THE COURT:  I'm going to be imposing your sentence today.  If you object to anything you hear, let me know before you leave the courtroom; otherwise, you'll be giving up your right to complain about this sentence to a higher appellate court.  [¶]  Do you understand this?

"[DEFENDANT]:  Yes, ma'am.

"THE COURT:  Other than what I've stated on the record here in open court, has anyone made any other promises to you to get you to enter your plea today?

"[DEFENDANT]:  Not at all, ma'am.

"THE COURT:  Has anyone threatened you or anyone close to you to get you to enter this plea?

"[DEFENDANT]:  Not at all.

"THE COURT:  Have you had enough time to talk with your attorney … and tell him everything you know about your case?

"[DEFENDANT]:  Yes, ma'am."

Pursuant to section 1385, a defendant has the right to ask a trial court to strike a prior conviction on its own motion.  (*People v. Lee* (2008) 161 Cal.App.4th 124, 129.)  A " ' "court must consider evidence offered by the defendant in support of his assertion that the dismissal would be in furtherance of justice." ' " (*Ibid*.)  A defendant's failure to

5

invite a trial court to dismiss a prior conviction for purposes of sentencing under section 1385, "waives or forfeits his or her right to raise the issue on appeal." (*People v. Carmony* (2004) 33 Cal.4th 367, 375–376.)

Section 1385 contains no mandatory language requiring the dismissal of prior convictions based on the age of those convictions. Defendant specifically agreed to accept the consequences of the trial court using this particular prior "strike" conviction when entering his plea to the charges brought in the information. Defendant made no mention of section 1385 during sentencing and, therefore, forfeited this argument on appeal.[2] (*People v. Carmony*, *supra*, 33 Cal.4th at pp. 375–376.)

## DISPOSITION

The judgment is affirmed.

---

[2] We note again, two additional counts and three other allegations of prior convictions were dismissed upon defendant's acceptance of the plea agreement.