Filed 9/9/24  P. v. Smith CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>JIMMY DON SMITH,<br><br>    Defendant and Appellant. | C099739<br><br>(Super. Ct. No. CRF14-0000397) |

Defendant Jimmy Don Smith appeals from his October 2023 resentencing for unlawful sexual intercourse and digital penetration.  He argues the trial court abused its discretion in failing to dismiss his prior strike and in failing to recalculate his custody credits.  We will order recalculation of custody credits and otherwise affirm the judgment.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2014, the victim, who had moderate mental disabilities, lived in her own apartment with assistance. At the time of the incident, a female friend and her children were temporarily staying with her. (*People v. Smith* (Apr. 18, 2016, C079212) [nonpub. opn.].)

The victim was friends with defendant, and he would come over to eat, shower, and watch television. The day of the incident, defendant appeared intoxicated when he arrived at the apartment; he had lubricant with him. The victim initially did not want him to come in, but she eventually relented. She initially hid in a closet, and then defendant followed her to the bathroom. He pushed her down to the floor, digitally penetrated her, and eventually penetrated her with his penis, all against her will. Defendant also propositioned the friend and rubbed her leg. (*People v. Smith*, *supra*, C079212.)

A jury found defendant guilty of unlawful sexual intercourse (Pen. Code, § 261, subd. (a)(2))[1] and digital penetration (§ 289, subd. (a)(1)(A)). In bifurcated proceedings, defendant admitted he had a prior strike and a prior serious felony based on a 2007 conviction for first degree burglary. (§§ 1170.12, 667, subds. (a)-(i), 459.) According to the probation report, defendant burglarized an uninhabited home, and he cooperated with police at the scene. The probation report did not note any weapons. Defendant also admitted six prior prison enhancements, based on separate convictions in 1989, 1990, 1992, 2000, 2007, and 2012. (Former § 667.5, subd. (b).) In exchange for defendant's plea, one of the prior prison term enhancements was stricken.

The trial court originally sentenced defendant to state prison for an aggregate term of 41 years; the details of the original sentence are not relevant here. This court affirmed the judgment on appeal. (*People v. Smith*, *supra*, C079212.)

---

[1] Undesignated statutory references are to the Penal Code.

The Secretary of the Department of Corrections and Rehabilitation subsequently notified the trial court that defendant was eligible for resentencing under former section 1171.1, now section 1172.75.[2]  In October 2023, the court held a full resentencing hearing.  The prosecution asked the court to strike the four one-year prior prison term enhancements and resentence defendant to 37 years.  In support of its argument to impose the upper term as well as the prior serious felony enhancement and the strike, the prosecution pointed to defendant's criminal history, which included:  (1) a 1989 conviction for vehicle theft (Veh. Code, § 10851); (2) a 1990 misdemeanor conviction for bringing drugs into jail (§ 4573.5) with a probation revocation in 1999 that resulted in confinement; (3) a 1992 conviction for felony receipt of stolen property, (4) a 2000 conviction for felony petty theft with a prior (§ 666); (5) a 2007 conviction for first degree burglary; (6) a 2012 felony burglary conviction; (7) a 1997 misdemeanor conviction for resisting an officer (§ 148, subd. (a)); (8) a 1999 misdemeanor conviction for disturbing the peace (§ 273.6); and (9) a 2001 misdemeanor conviction for petty theft with a prior (§ 666).  In addition, defendant violated parole in 1995, 1996, 2002, 2003, 2004, 2005, 2008, 2009, 2010, and 2011.  The prosecution provided a certified copy of defendant's rap sheet.  Defendant also had a write-up for fighting with another inmate in 2022.  In addition to defendant's criminal history, the prosecution noted that the instant offense involved defendant preying on a disabled woman and forcibly sexually assaulting her in her bathroom.  In sum, defendant did not fall outside the spirit of the three strikes law.

Defendant asked the trial court to consider the recent changes to sections 1172.75, 1385, subdivision (c), and 1170 and impose the low term on counts one and two, dismiss the prior strike, and dismiss the prior serious felony enhancement.  Regarding the prior

[2]  Section 1171.1 was renumbered to section 1172.75 by Assembly Bill No. 200 (2021-2022 Reg. Sess.) (Stats. 2022, ch. 58).

serious felony enhancement and the prior strike, defendant argued dismissal was appropriate pursuant to section 1385 because multiple enhancements were alleged, the application of the enhancement would result in a sentence of over 20 years, and the enhancement was based on a prior conviction that was more than five years old. Defendant also argued his current offense was connected to childhood trauma because his father had left when defendant was a baby, his sister was molested by a neighbor, and his grandfather and brother tried to commit suicide. Defendant had spent time in the California Youth Authority and was at one point placed in a foster-style home by probation. Further, he had abused drugs and alcohol since he was 16 years old, although he was now sober. He had only finished the 10th grade, and he had held jobs "as much as he could." He argued dismissal of the enhancement and the prior strike would not endanger public safety.

Defendant included information about rehabilitation programs he had participated in while in custody, including adult education, vocational training (plumbing and engine repair), substance abuse programs, criminal and addictive thinking recovery, and anger management. Although he had some write-ups for rule violations, those were remote, and his prison record was "more good than . . . bad." He provided letters of reference, including one from a pastor who had known him for over 20 years and described defendant as making "positive changes" over the past seven years.

In seeking imposition of the low term on both counts, defendant argued he suffered from childhood trauma and sexual victimization. He noted that no aggravating circumstances or factors had been stipulated to or admitted.

The trial court struck the prior serious felony enhancement but denied defendant's request to strike his prior strike pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. The court reasoned defendant "has a significant criminal history," with eight release violations while he was on parole for his 2007 burglary conviction, which was a serious felony. His "pattern of criminality" continued, with violations while on

4

postrelease community supervision (PRCS) for his 2012 second degree burglary conviction, and he was eventually incarcerated.

The trial court resentenced defendant to state prison for an aggregate term of 28 years pursuant to section 667.6, subdivision (c), as follows:  16 years on the unlawful sexual intercourse count (the upper term of eight years doubled due to the strike) and 12 years consecutive on the digital penetration count (the middle term of six years doubled due to the strike).  In selecting the upper term, the court noted defendant's extensive and increasingly serious criminal history, as well as his poor prior performance on supervised release and parole.  The court noted it had considered defendant's traumatic childhood, but the court did not believe that caused or contributed to the crimes.

The court did not address custody credits during sentencing, although the minute order lists updated custody credits.  The abstract of judgment does not include an updated custody credits amount, and it lists the 2015 sentencing date rather than the October 2023 resentencing date.  Defendant timely appealed.

## DISCUSSION

### I

### *Striking the Prior Strike*

Defendant first claims error in the trial court's refusal to strike his prior strike.  As we next explain, we disagree.  The law in this area is well developed; a trial court must decide whether to strike a prior strike by considering factors that are intrinsic to the three strikes law's sentencing scheme.  (*People v. Williams* (1998) 17 Cal.4th 148, 161.)  These factors include:  (1) the nature and circumstances of the current conviction; (2) the nature and circumstances of the prior strike conviction; and (3) the defendant's "background, character, and prospects."  (*Ibid*.)  If the defendant falls outside the spirit of the three strikes law, the court may, in furtherance of justice, treat the defendant "as though he [or she] had not previously been convicted of one or more serious and/or violent felonies."

5

(*Ibid.*; see also *People v. Superior Court* (*Romero*), *supra*, 13 Cal.4th at pp. 529-530; § 1385, subd. (a).)

We review a trial court's denial of a *Romero* motion for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 373.) On review, the denial of a *Romero* motion is strongly presumed to be a proper exercise of discretion, and the court is presumed to have considered all relevant factors in the absence of an affirmative record to the contrary. (*Id.* at p. 378; *People v. Myers* (1999) 69 Cal.App.4th 305, 310.) A defendant bears the burden of providing sufficient evidence to support his *Romero* motion. (*People v. Lee* (2008) 161 Cal.App.4th 124, 129.)

Defendant argues the trial court failed to consider relevant factors in denying his *Romero* motion. He claims the court did not adequately consider the facts underlying defendant's prior strike, namely an "unremarkable" burglary of an uninhabited dwelling that did not involve any violence or reported property damage. Defendant acknowledges that residential burglary of an unoccupied residence is a serious felony under section 1192.7, subdivision (c), but notes that it is not a violent felony under section 667.5, subdivision (c). He adds that the court did not consider that he served prison time and violated probation based on drug offenses that could now be considered misdemeanors. He claims the three strikes law is intended to apply to "the most serious of criminal offenders who are motivated by a persistent callousness," not drug or alcohol addiction. In a related argument, he contends the court erred in failing to consider that his recidivism is, "by and large, related to drug addiction." He argues dismissing the strike is in the furtherance of justice.

Although the trial court certainly *could* have weighed the various considerations differently than it did, we see no abuse of discretion here. The court heard robust arguments from both parties, including evidence and argument from the prosecution regarding defendant's extensive criminal history and the fact that in the instant offense defendant had preyed on and sexually assaulted a disabled woman. The nature and

6

characteristics of the current offense are a valid consideration in deciding a *Romero* motion. The court also considered defendant's evidence that he had suffered childhood trauma, had been addicted to drugs and alcohol since a young age, and had participated in rehabilitation programs during his incarceration. The court entertained defendant's argument that multiple enhancements had been alleged, the application of the strike would result in a lengthy sentence, and the strike was based on a prior conviction that was more than five years old.

Although the trial court did not specifically discuss the nature and characteristics of defendant's prior strike, in the absence of an affirmative record to the contrary, we presume that a trial court considered all relevant factors. (*People v. Myers*, *supra*, 69 Cal.App.4th at p. 310.) Defendant's 2007 burglary conviction was a serious felony, and the court found that defendant's criminal history was "significant." Defendant had multiple instances of violating parole, PRCS, and prison rules, indicating to the trial court that defendant continued his "pattern of criminality."

In light of the strong presumption that a trial court's denial of a *Romero* motion is a proper exercise of discretion (*People v. Carmony*, *supra*, 33 Cal.4th at p. 378), the court did not abuse its discretion here. Although reasonable minds might disagree on its ruling, certainly the court's decision was not "so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.)

## II

### *Calculation of Credits*

Defendant argues that the trial court erred in failing to pronounce the updated custody credits to include the actual time he has served prior to the resentencing. (See *People v. Buckhalter* (2001) 26 Cal.4th 20, 37 [when a trial court resentences a defendant on remand, it must credit him with all actual days he spent in custody (whether in jail or prison) up to that time, including his time in custody after the original sentencing].)

7

Although there is an updated custody credits amount in the minute order, there was no oral pronouncement.  (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

Further, the abstract of judgment does not include the date of the resentencing proceeding, or any updated custody credit amount.  The People concede the errors, and we will order recalculation of custody credits and preparation of an amended abstract of judgment.

## DISPOSITION

The trial court is directed to recalculate defendant's custody credits and prepare an amended abstract of judgment that reflects the correct resentencing date and the recalculated credit amount.  A certified copy of the new abstract must be provided to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.

/s/
Duarte, J.

We concur:

/s/
Earl, P.J.

/s/
Wiseman, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.