Filed 5/15/25 P. v. Houchins CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>GREGORY PAUL HOUCHINS,<br><br>        Defendant and Appellant. | A168882<br><br>(Contra Costa County<br>Super. Ct. No. 05001326560) |

At a resentencing hearing pursuant to Penal Code section 1172.75,[1] the trial court struck defendant Gregory Paul Houchins's one-year enhancement for a prior prison term under former section 667.5, subdivision (b) ("667.5(b)"), but refused to strike two enhancements for prior serious felony convictions under section 667, subdivision (a)(1) ("667(a)(1)").  On appeal, defendant contends the court abused its discretion in refusing to strike the prior serious felony conviction enhancements.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

**A.  The Charges and Plea**

In 2013, the People charged defendant by information with committing a lewd act upon a child under the age of 14 (§ 288, subd. (a), count 1), kidnapping in order to commit a violation of section 288 on a child under the

---

[1]      All further undesignated statutory references are to the Penal Code.

age of 14 (§ 207, subd. (b), count 2), and an attempted lewd act upon a child under the age of 14 (§§ 664/228, subd. (a), count 3). As to count 1, the People alleged pursuant to the "One Strike Law" that defendant kidnapped the victim (§ 667.61, subd. (d)(2)). As to count 2, the People alleged pursuant to section 667.8, subdivision (b), that defendant kidnapped the victim for the purpose of violating former section "288a(1)." Based on defendant's robbery convictions in 2002 and 2005, the People further alleged defendant had two "strike" priors (§§ 667, subds. (b)–(i), 1170.12), and two prior serious felony convictions (§ 667(a)(1)). Based on the 2005 robbery, the People also alleged defendant served a prior prison term (§ 667.5(b)).

In short, the evidence at the preliminary hearing[2] established that defendant led a nine-year-old child, John Doe, from the video game section of a Target store to the toy section where he touched the boy's feet and took a video or pictures. Then defendant led the boy to the furniture section where he took videos or pictures of the boy's hands and feet, and placed the boy's hand on defendant's penis, outside of his pants. The boy described what defendant's penis felt like, and said defendant instructed him to "grab," "rub[]," "squeeze," and "pull on it." Defendant then led the boy to a stall in the store's bathroom, where he locked the stall door, faced the boy, and undid

---

[2]     Defendant's plea form does not designate the preliminary hearing transcript as the factual basis for the plea. Instead, in a section of that form entitled "Factual Basis of Plea," defendant checked boxes indicating that he discussed the contents of the police reports and investigative reports with his attorney and was satisfied he knew the evidence against him, and that a factfinder could find him guilty of the charges he was pleading to. (Capitalization omitted.) Nevertheless, the parties relied on the preliminary hearing evidence at the 2023 resentencing hearing, and defendant's appellate brief relies in part on the preliminary hearing transcript to set out the facts of the underlying offense. As such, we take our facts from the preliminary hearing transcript.

his pants. The boy said "no" upon seeing defendant's underwear, and he unlocked the stall door and quickly left. Two days later, Target staff notified the police that defendant returned to the store, and the police arrested him.

In 2015, defendant pleaded guilty to counts 1 and 2. He also admitted one strike prior (§§ 667, subds. (b)–(i), 1170.12), both prior serious felony convictions (§ 667(a)(1)), and a prior prison term (§ 667.5(b)). In his plea form, defendant acknowledged that his section 288 offense is a "violent" felony pursuant to section 667.5, subdivision (c), and that it could be charged as a strike prior in the event he commits a new felony offense. The trial court sentenced him to a total of 23 years in prison, calculated as follows: the low term of five years for count 2, doubled pursuant to the Three Strikes Law; a consecutive two-year term for count 1; 10 years for the two section 667(a)(1) enhancements; and one year for the section 667.5(b) enhancement.

## B. The Resentencing Proceedings

Effective January 1, 2022, Senate Bill No. 483 added section 1171.1, which was renumbered as section 1172.75 in June 2022. (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.) Aside from circumstances not present here, section 1172.75 generally invalidates section 667.5(b) enhancements imposed prior to January 1, 2020. (§ 1172.75, subd. (a).) The statute requires resentencing for those in custody and serving a term including a section 667.5(b) enhancement. (§ 1172.75, subd. (c).)

Section 1172.75 provides for the appointment of counsel for resentencing and requires that resentencing "result in a lesser sentence . . . unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1), (5).) Courts must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to

3

eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).) Further, courts must "consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3).)

In accord with section 1172.75, the trial court appointed counsel for defendant. Thereafter, defense counsel filed a motion asking the court to strike the section 667.5(b) enhancement, as well as the two section 667(a)(1) enhancements pursuant to recent amendments to section 1385, subdivision (c) ("1385(c)"). Defense counsel also invited the court to strike the prior strike. Among other things, defense counsel provided documents showing that defendant participated in employment and rehabilitative programs while in prison, as well as letters in support. Defense counsel later filed a supplemental brief—on the same day as the resentencing hearing— arguing that the court should consider the mitigating factors set out in section 1385(c) to decide whether to strike the strike prior, and that the strike prior should be stricken under the Racial Justice Act (RJA) because the use of "strikes" has a "discriminatory racial impact."

Though agreeing the court should strike the section 667.5(b) enhancement, the People objected to defendant's other requests and argued the court should resentence defendant to a 22-year term. Among other things, the People provided documentation showing that in September 2022, defendant was found guilty of a "serious" prison rule violation (RVR) by

4

possessing a cell phone component, namely, an "SD card" with "pictures, Google, Facebook, [and] AT&T mobile . . . apps." Defendant admitted the SD card was in a cell phone and purchased while incarcerated. The People also provided documentation showing that in November 2022, defendant was found guilty of a serious RVR for constructive possession of someone else's cell phone containing his photograph. Moreover, the People pointed out that although both of defendant's prior convictions were more than five years old, defendant was on parole for one of those priors when he committed his commitment offenses. The People also asked the court to give some weight to the fact that defendant admitted both priors to resolve his case and avoid a substantially longer sentence.

At the resentencing hearing, the parties did not dispute the court had the discretion to strike the strike prior and the section 667(a)(1) enhancements. The court struck the section 667.5(b) enhancement, but declined to strike the strike prior and the section 667(a)(1) enhancements. Details concerning the court's decision will be discussed in further detail, *post*. The court ultimately resentenced defendant to 22 years in prison and waived all discretionary fines and fees. The court indicated it did not have enough information to fully consider defendant's argument under the RJA, but indicated it was resentencing without prejudice to defendant filing a motion pursuant to the RJA in the future. Defendant filed this appeal.

## DISCUSSION

Defendant contends the trial court abused its discretion in denying his request to strike the section 667(a)(1) enhancements pursuant to section 1385(c). More specifically, he argues the court abused its discretion in finding that dismissal of one or both of the section 667(a)(1) enhancements would endanger public safety.

5

Effective January 1, 2022, Senate Bill No. 81 amended section 1385 by adding subdivision (c), which provides a court shall dismiss an enhancement "if it is in the furtherance of justice to do so."[3] The statute lists various nonexclusive mitigating factors and provides that in exercising its discretion, "the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances," and "[p]roof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, *unless the court finds that dismissal of the enhancement would endanger public safety.* 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385(c)(2), italics added.) As relevant here, the enumerated mitigating circumstances include when: "(B) Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed. [¶] (C) The application of an enhancement could result in a sentence of over 20 years. In this instance, the enhancement shall be dismissed. [¶] . . . [¶] (H) The enhancement is based on a prior conviction that is over five years old." (§ 1385(c)(2).)

Recently, the California Supreme Court resolved a split in authority and held that section 1385(c)(2) does not create a rebuttal presumption that dismissal of an enhancement is in the furtherance of justice " 'unless the court makes a finding that the resultingly shorter sentence due to dismissal "would endanger public safety." ' " (*People v. Walker* (2024) 16 Cal.5th 1024, 1028–1029, 1032 (*Walker*), italics omitted.) The court emphasized " 'the

---

[3] The Legislature made amendments to section 1385 effective June 30, 2022, and January 1, 2024, that do not change the substance of section 1385(c) as we discuss it here. (Stats. 2022, ch. 58, § 15; Stats. 2023, ch. 131, § 160.)

ultimate question before the trial court remains whether it is in the furtherance of justice to dismiss an enhancement' [citation] and this 'furtherance of justice' . . . inquiry requires a trial court's ongoing exercise of 'discretion [citation].' Thus, notwithstanding the presence of a mitigating circumstance, trial courts retain their discretion to impose an enhancement based on circumstances 'long deemed essential to the "furtherance of justice" inquiry.'" (*Walker*, at p. 1033; see *ibid.* [courts may consider factors in aggravation and mitigation, such as those set out in rules 4.421 and 4.423 of the California Rules of Court].)

The *Walker* court further explained that "in most cases, 'if the trial court finds that dismissal of an enhancement would endanger public safety, then it is hard to see how dismissal would further the interests of justice,' notwithstanding the applicability of any mitigating factors identified in subdivision (c)(2)." (*Walker*, *supra*, 16 Cal.5th at p. 1033.) On the other hand, "absent a danger to public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.'" (*Id.* at p. 1036.)

We review the trial court's rulings for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 376.) In doing so, "we are guided by two fundamental precepts. First, '"[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set

7

aside on review." ' [Citations.] Second, a ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at pp. 376–377.)

Here, it is evident the trial court rendered its resentencing decision after considering all the relevant factors. It knew that there were multiple enhancements, that the sentence imposed would exceed 20 years, and that the prior convictions were more than five years old. But in finding that dismissing the enhancements would endanger public safety and not further the interests of justice, the court considered the circumstances that defendant was on parole for the 2005 prior conviction (which constituted the basis for the admitted strike prior and one of the section 667(a)(1) priors) at the time he committed his current offenses (*Walker*, *supra*, 16 Cal.5th at p. 1033; Cal. Rules of Court, rule 4.421(b)); the nature and gravity of the offense, and the public safety concerns attendant to sex offenses involving children; defendant's lack of sex offender treatment or programming while in prison; his prison rule violations; and the amount of time he had served (§ 1172.75, subd. (d)(3)).[4] On this record, we cannot conclude that the trial court's resentencing decision was irrational or arbitrary.

---

[4] Defendant does not claim, nor does our review of the record reveal, that the trial court here impermissibly relied on factors that may only be considered pursuant to the "residual clause" in rule 4.421(c) of the California Rules of Court. (See *Lovelace v. Superior Court* (2025) 108 Cal.App.5th 1081, 1105 [holding rule 4.421(c) violates the separation of powers clause of the California Constitution].)

Defendant also claims the trial court abused its discretion because "the record shows a minimal likelihood that the dismissal of one or more of the enhancements would result in physical injury or other serious danger to others." This is unconvincing. The record reflects that defendant is a recidivist who has committed serious and/or violent crimes over the years, as evidenced by his current plea and his prior conviction admissions. His current offense, which he committed while on parole, is legislatively categorized as a " 'violent felony' " (§ 667.5, subd. (c)(6)), and it involved a nine-year-old victim.[5]

Defendant next argues "the record contains no evidence that [he] had pedophilic tendencies" and seems to highlight the absence of evidence that he had "pedophilic tendencies" *before* he engaged in his current commitment offense. But the trial court reasonably considered the current commitment offense in making its determination. It is unclear why evidence of *earlier* pedophilic tendencies is necessary to overcome the clear evidence that defendant engaged in a lewd act with a nine-year-old boy.

---

[5]    Defendant's reply brief slightly reframes this argument, contending "the trial court abused its discretion because *substantial evidence* does not support the court's finding that dismissal of one or both of [defendant]'s prior serious felony enhancements would result in physical injury or other serious danger to public safety." (Italics added.) Defendant made no substantial evidence argument in his opening brief. Setting aside the apparent forfeiture, the parties submitted the matter to the court based on their briefs and attachments, defendant's RAP sheet, and oral arguments. The various sentencing factors relevant to defendant—his commitment offense was a sex offense involving a young boy, his history of criminal offenses, his prison disciplinary history, his lack of sex offender treatment or programming— were essentially undisputed at the resentencing hearing. Defense counsel did not make a record about why defendant could not participate in sex offender treatment, which we discuss more below.

Relatedly, defendant contends the prosecution presented "no evidence from state authorized risk assessment tools such as Static-99R or SARATSO . . . to demonstrate [he] presents a current serious danger to society." This was never raised below. In any event, it was defendant's burden to investigate and present evidence supporting his request under section 1385. (*People v. Lee* (2008) 161 Cal.App.4th 124, 129.)

Finally, defendant argues that he has taken advantage of employment and rehabilitative programming and that the court's reliance on his lack of sex offender programming while in prison "failed to acknowledge that nothing in the record indicates [he] declined to participate in sex offender treatment, or . . . that such programming was available to him where he was incarcerated." (Italics omitted.) But it was defendant's burden to present evidence in support of his motion. Here, the court stated: "I have to posit this, *although I know it is somewhat unfair*, the lack of sex offender training he's done in prison. And you can make the record I expect you to make on that." (Italics added.) Though the defense argued that defendant had not been in custody of the Department of Corrections and Rehabilitation (CDCR) long, and that he had been moved a few times, impacting his ability to sign up for programs, the defense did not argue or present evidence that there was no sex offender programming available to him, as he suggests now. Nor did the defense argue or present evidence that there were no alternatives to CDCR programming to assuage the court's reasonable concern. Accordingly, this contention provides no basis for relief.

## DISPOSITION

The judgment is affirmed.

10

_____
Fujisaki, J.

WE CONCUR:


_____
Tucher, P. J.


_____
Petrou, J.


*People v. Houchins* (A168882)

11