Filed 5/28/25  P. v. Olson CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE, | C100113 |
| Plaintiff and Respondent, | (Super. Ct. No. 07CR12057) |
| v. | |
| ERIC CHARLES OLSON, | |
| Defendant and Appellant. | |

Defendant Eric Charles Olson was convicted in 2009 of criminal threats with two prior strikes and three prior prison term enhancements.  He was sentenced to prison for 28 years to life.  He appeals from a resentencing order made under Penal Code[1] section 1172.75, where the trial court struck the three prior prison term enhancements but otherwise left the sentence unchanged.  He contends the trial court abused its discretion

---

[1]  Undesignated statutory references are to the Penal Code.

1

in declining to reduce the sentence further.  We disagree with that, but we remand for the trial court to recalculate the custody credit award.

## FACTUAL AND PROCEDURAL BACKGROUND

We derive our statement of facts from this court's opinion in defendant's direct appeal.  (*People v. Olson* (Mar. 7, 2011, C063082) [nonpub. opn.].)  In February 2007, defendant drove his pickup by three children who were walking along the highway to catch a bus to church.  He honked his horn at them and flipped them off.  The children had done nothing to provoke defendant.  A few minutes later, defendant drove up from the rear, pulled onto the shoulder, slammed on his brakes, held in his hand a box cutter with an exposed three-inch blade and yelled at one of the children, " 'Why didn't you tip your hat to me, you fucking [n-word]?' "  Defendant again called that child a " 'fucking [n-word]' " and was waving the box cutter back and forth in front of the child.  Defendant said, " 'right then he could slit [the child's] throat if he wanted to and that he knows where [the child's] family lives . . . and he can kill [the child's] whole family."  Defendant got in his truck and drove off.  Two or three weeks later, that child saw defendant sitting on an ATV adjacent to the child's house.  Defendant looked at the child, pointed two fingers toward his own eyes, and then pointed them toward the child.  The child's mom called police.

In 2009, a jury found defendant guilty of one count of making criminal threats (§ 422), one count of misdemeanor exhibiting a deadly weapon (§ 417, subd. (a)(1)), and three counts of misdemeanor assault (§ 240).  It was also found true that defendant had two prior strikes (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and three prior prison terms (former § 667.5, subd. (b)).  According to the information, the two prior strikes were based on a 1992 conviction for first degree burglary (§ 459) and a 1994 conviction for robbery (§ 211).

The trial court sentenced defendant to prison for 28 years to life, as follows:  25 years to life for the criminal threats plus three years consecutive for the three prior prison term enhancements.

In July 2022 and April 2023, defendant filed petitions for resentencing under section 1172.75.

During the December 2023 resentencing hearing, the prosecutor asked the trial court to strike the prior prison term enhancements, and defense counsel said he agreed. The court said, "So the sentence is going to be 25 years to life."  Defense counsel responded, "Correct."  The court then asked if everyone agreed, and defendant said, "I object to it, Your Honor.  667.5 is overlapping the 667.  But under 1172.75, all sentence enhancements prior to the 667.5 is time served."  The court asked if defendant wanted a hearing, and defendant replied, "Right.  The 667 is overlapped to the 667.5.  The time served on the 667 sentence enhancement needs to be stricken, dismissed, and vacated. Modified new sentence under judgment to lesser included, lesser related offense.  It's overlapped.  Meaning they have to dismiss or remove the 667."

The prosecutor said he thought everyone was saying the same thing, namely that the trial court should strike only the three prior prison term enhancements.  Defendant "disagree[d].  I think the problem is you have to remove the 667 as well."  Defense counsel responded, "Well, if [defendant is] arguing that the three strike[s] law is going to be changed under his petition, . . . that's not my understanding of the law."  The trial court said, "It's not."

Defendant said, "But the post conviction is over five years on this case.  It's over ten years on this case.  It's 1994.  Post conviction dates back to 1994 for a felony strike. So you cannot sentence me under 667.  It would be illegal.  Invalid legal theory to resentence me under the 667."  Defense counsel explained he had "read [defendant's] petition.  What he's eligible [for is] the three one-year priors to be stricken.  If he had a

3

problem with the three strikes law that was redone in 2012, that's what the petition should have done."

The court said it would grant defendant's petition and strike the three prior prison term enhancements, reducing defendant's sentence to 25 years to life. The court asked if counsel stipulated to that, and both defense counsel and the prosecution replied yes. Based on additional comments from the prosecutor, the court clarified that the resentencing was based on a request from the Department of Corrections and Rehabilitation. Defendant then said he would appeal "because it's not compliant with . . . criminal procedure under Cal Rule 1385. You did not comply to [California] Rule Sentencing Rule 1385." The trial court did not address custody credits during the hearing, and the abstract of judgment lists the same 783 total days of custody credits.

Defendant timely appeals from the resentencing order.

## DISCUSSION

### I

*1. Legal Background*

Section 1172.75, which came into effect in 2022, generally invalidates sentence enhancements imposed under former section 667.5, subdivision (b). When presented with a person eligible for relief, a trial court shall "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) The statute requires the court to apply the sentencing rules of the Judicial Council, as well as any other changes in law that reduce sentences or increase judicial discretion. (§ 1172.75, subd. (d)(2); see also *People v. Monroe* (2022) 85 Cal.App.5th 393, 402 [§ 1172.75 "requires a full resentencing, not merely that the trial court strike the newly 'invalid' [prior prison term] enhancements"].)

A trial court has discretion under section 1385 to dismiss a prior strike when it finds the defendant falls, in whole or in part, outside the spirit of the three strikes law. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 529-530; see also *People v. Williams* (1998) 17 Cal.4th 148, 161.) In determining whether to exercise this discretion,

4

the court considers: (1) the nature and circumstances of the defendant's present felonies; (2) the nature and circumstances of the defendant's prior strikes; and (3) the particulars of the defendant's background, character, and prospects for the future. (*Williams*, at p. 161.)

We review a trial court's sentencing decisions, including declining to dismiss a strike, for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.) "A court abuses its sentencing discretion when it acts arbitrarily and capriciously, relies on improper matter in reaching its decision, or is unaware of the scope of its discretion so that it does not exercise informed discretion at all." (*People v. Knowles* (2024) 105 Cal.App.5th 757, 765.)

*2. Analysis*

Defendant contends the trial court failed to recognize that resentencing under section 1172.75 included discretion to dismiss defendant's prior strike convictions pursuant to *Romero* or section 1385, subdivision (a). Defendant further notes that the trial court "never made any finding, implied or express, that under section 1172.75, subdivision (d)(1), a reduced sentence would endanger public safety." In addition, the trial court "never indicated that under [section] 1385, subdivision (a), the interests of justice counseled against striking one or both of [defendant's] prior strike convictions." Citing *People v. Salazar* (2023) 15 Cal.5th 416, defendant argues he is entitled to remand because the trial court was not fully aware of its discretionary power, and the record does not clearly indicate that the trial court would have reached the same conclusion even if it had been aware that it had such discretion. (*Salazar*, at p. 424.)

But as the People correctly note, defense counsel never asked the trial court to strike any of defendant's prior strikes, which ordinarily forfeits the issue on appeal. (*People v. Carmony*, *supra*, 33 Cal.4th at pp. 375-376 ["any failure on the part of a defendant to invite the court to dismiss under section 1385 following *Romero* waives or forfeits his or her right to raise the issue on appeal"]; see also *People v. Lee* (2008)

161 Cal.App.4th 124, 129 [a trial court has "no sua sponte duty to consider striking a prior conviction" under § 1385].)

Defendant responds that his trial counsel provided ineffective assistance. We disagree because defense counsel could have had a rational basis for failing to raise the issue of defendant's prior strikes; namely, he was aware that defendant did not fall outside the spirit of the three strikes law. (See *People v. Mai* (2013) 57 Cal.4th 986, 1009-1010 [on direct appeal, we will not find ineffective assistance unless "the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission," or "there simply could be no satisfactory explanation"].) Although defendant's prior strike convictions were remote, nothing else in the record associated with defendant's resentencing gives additional background regarding defendant or his prior strikes, such as rehabilitative efforts during his incarceration. (See *People v. Avila* (2020) 57 Cal.App.5th 1134, 1141 [although remoteness of a defendant's prior strikes is a factor in mitigation, it is insufficient by itself to establish defendant falls outside the spirit of the three strikes law].) Under the circumstances, we decline to find ineffective assistance.

In the alternative, defendant contends that he himself raised the issue during the hearing by arguing the trial court should "remove the [section] 667" because his prior strike convictions were more than five to 10 years old. Defendant further notes that, at the end of the hearing, he said he would appeal because the sentencing did not comply with "Cal Rule 1385," which defendant argues raised the issue of section 1385.

Implicit in defendant's argument is the assumption that, even though he was represented by counsel during the sentencing hearing, he had the right to invite pro se the court to strike his prior strikes. Contrary to defendant's assertion, motions and briefs of parties represented by counsel must be filed by such counsel, except for pro se motions regarding representation, including requests for new counsel. (*People v. Carter* (2024) 15 Cal.5th 1092, 1103.)

6

But even if defendant himself properly raised the issue, nothing in the record indicates the trial court misunderstood its discretion when it impliedly declined to strike any of defendant's prior strikes. (See *People v. Ramirez* (2021) 10 Cal.5th 983, 1042 ["Absent evidence to the contrary, we presume that the trial court knew the law and followed it"].) The trial court appears to have agreed with defense counsel that defendant was not entitled to relief under the 2012 changes to the three strikes law enacted by Proposition 36, also known as the Three Strikes Reform Act. But the trial court never indicated it did not have discretion to strike any of defendant's prior strikes. To the extent defendant argues the trial court demonstrated it misunderstood its discretion because it never mentioned whether reducing defendant's sentence would endanger public safety or was not in the interest of justice, we decline defendant's invitation to find error based on a silent record. (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1229 [a reviewing court does not presume a trial court erred or misunderstood its sentencing discretion when the record is silent on the issue].) Under the circumstances, we find no error.

## II

Our review of the record reveals that the trial court erroneously failed to recalculate defendant's custody credits. When a trial court resentences a defendant who is currently in custody, it must credit him with all actual days he spent in custody (whether in jail or prison) up to that time, including his time in custody after the original sentencing. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37.) We will remand the matter for the trial court to calculate this credit.

## DISPOSITION

The matter is remanded for the limited purpose of recalculating the actual days of credits for which defendant is eligible on his resentencing. The trial court is directed to prepare an amended abstract of judgment setting forth the modified credits and to

7

forward a certified copy to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.


                        /s/
                        MESIWALA, J.


We concur:


 /s/
EARL, P. J.


 /s/
FEINBERG, J.