Filed 6/3/25  P. v. Wilburn CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C101422 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FE-2022-0008309) |
| v. | |
| DERRICK ALLEN WILBURN, | |
| Defendant and Appellant. | |

Defendant Derrick Allen Wilburn appeals from the trial court's decision declining to amend his sentence under Penal Code section 1172.1.[1]  His appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 and *People v. Wende* (1979) 25 Cal.3d 436 and asking that we exercise our discretion to independently review the record.

---

[1]  Undesignated statutory references are to the Penal Code.

1

This court notified Wilburn that he had 30 days to file a supplemental brief raising any argument he wished us to consider. Wilburn filed a supplemental brief asserting numerous contentions. We have reviewed those contentions in accordance with *Delgadillo* and conclude none has merit. We therefore affirm.

BACKGROUND

In 2022, Wilburn was charged with three counts of second degree robbery with three aggravating factors for each count. (§ 211; Cal. Rules of Court, rule 4.421(b)(2)-(4).) As to each count, it was further alleged that Wilburn had two prior strikes (§§ 667, subd. (d), 1170.12, subd. (b)) and two prior serious felony convictions (§ 667, subd. (a)), based on convictions in 2007 and 2013 for second degree robbery.

In April 2023, Wilburn pleaded no contest to all three counts, admitted one of the prior strikes as to each count, and stipulated to two aggravating factors for each count. In exchange, the parties agreed to a 14-year aggregate prison sentence, as follows: 10 years on count 1 (the upper term of five years, doubled due to the prior strike) and consecutive terms of two years each for counts 2 and 3 (one-third the middle term of three years, doubled due to the prior strike). The trial court advised Wilburn that he would have to serve 85 percent of his sentence. (See § 2933.1, subd. (a) [limiting worktime credit for incarcerated defendants convicted of a violent felony including robbery].) That same day, the court sentenced Wilburn according to the plea agreement. There is no indication in the record that Wilburn appealed from that judgment.

In December 2023, using a modified form for seeking resentencing under section 1172.6, Wilburn filed a petition requesting resentencing under section 1172.75, subdivision (d)(2). The trial court appointed counsel and set a hearing. At a hearing on April 2, 2024, the court denied Wilburn's petition without prejudice.

The following day, defense counsel filed an "invitation" for the trial court to recall Wilburn's sentence and resentence him pursuant to section 1172.1. Counsel argued that the court had jurisdiction to recall and resentence under that provision. Counsel's filing

2

asserted that Wilburn was receiving mental health services and was participating in rehabilitation.  He had recently "lost close family members, and his remaining family is struggling in his absence."

Two weeks later, Wilburn himself filed a request to recall and resentence under section 1172.1.  Citing changes to sections 1385, 1170, 1170.1, and 667, subdivisions (a)(1) and (b)-(i), he argued that his prior strike was more than five years old, he was not a danger to public safety, and he deserved the low term on the principal count.  After having "reviewed and considered [Wilburn's] Request For Recall Of Sentence and Resentencing Pursuant to [Assembly Bill] 600 and [Penal Code section] 1172.1," the trial court again appointed counsel and set a hearing date for possible sentence modification.

During a hearing on April 25, 2024, the prosecution asked the trial court to decline to exercise its discretion to resentence Wilburn and to "drop it from calendar."  The court responded that it had "put [the matter] on for setting," reviewed the statute, and understood that the court could "exercise its discretion," although perhaps a hearing was not ultimately necessary.  Defense counsel responded that it was "completely up to [the court]."  The court said it was "going to decline the invitation to amend the sentence, since it was a negotiated resolution.  [¶] . . . [¶]  And I'll drop the matter."

On June 20, 2024, Wilburn timely appealed the trial court's April 25, 2024 order.

That same day, Wilburn himself filed another invitation for the trial court to recall his sentence and resentence him pursuant to section 1172.1, including a copy of what defense counsel had filed in April.  On June 25, 2024, the trial court issued a written letter to Wilburn, explaining that, under section 1172.1, it had discretion to recall a sentence within 120 days of a defendant's commitment to custody or at any time if the applicable sentencing laws had changed.  The court explained:  "In either situation, the recall is initiated by the court, on its own motion, not by the defendant."  The letter continued:  "No action has been initiated by the court, on its motion, to recall your

3

sentence at this time. If the court decides to initiate such action in the future, you will be notified."

DISCUSSION

I.

Under section 1172.1, subdivision (a)(1), a trial court may recall a sentence and resentence a defendant "at any time" upon the recommendation of specified correctional or law enforcement officials. The court may also do so "on its own motion" within 120 days of the date of commitment or "at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1).) In recalling and resentencing, a court shall "apply the sentencing rules of the Judicial Council," "apply any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing," and "consider postconviction factors," such as a defendant's disciplinary record and record of rehabilitation, among other factors. (§ 1172.1, subd. (a)(2) & (5).) A court must "state on the record the reasons for its decision to grant or deny recall and resentencing," and resentencing "shall not be denied . . . without a hearing where the parties have an opportunity to address the basis for the intended denial or rejection." (§ 1172.1, subd. (a)(7) & (9).) "After ruling on a referral authorized by this section, the court shall advise the defendant of their right to appeal and the necessary steps and time for taking an appeal." (§ 1172.1, subd. (d).) "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c).)

We first consider whether the trial court's April 25, 2024 order declining to amend Wilburn's sentence under this statute is appealable. Wilburn's counsel appropriately notes that there may be a question as to appealability, and an appellate court likewise has an independent obligation to assure itself of its own jurisdiction. (*Doe v. Regents of*

4

*University of California* (2022) 80 Cal.App.5th 282, 291.) "The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) Under section 1237, subdivision (b), a criminal defendant may appeal from "any order made after judgment, affecting [his or her] substantial rights."

We conclude that the trial court's April 25, 2024 order is appealable. Unlike a circumstance in which a trial court declines to respond to a defendant-initiated request to recall and resentence, where different appealability questions arise (see *People v. Faustinos* (2025) 109 Cal.App.5th 687, 692-694, petn. for review pending, petn. filed Apr. 15, 2025, S289909), in this case the court appointed counsel and set a hearing. The court heard from both parties and considered Wilburn's request. The court explained that it understood it had discretion to recall and resentence Wilburn but was declining to do so "since it was a negotiated resolution." On this record, the trial court's actions were, in effect, an initiation of the recall and resentencing process and its decision a ruling on the merits. That decision affected Wilburn's substantial rights and is therefore appealable. (See *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1085 [trial court's denial of recall under former § 1170, subd. (d)(1), now § 1172.1, subd. (a)(1), is appealable]; *People v. Mendez* (2021) 69 Cal.App.5th 347, 353 [trial court's order declining to follow recommendation of correctional official to recall sentence under former § 1170, subd. (d)(1), now § 1172.1, subd. (a)(1), affects defendant's substantial rights and is appealable].)

Our conclusion is bolstered by the different approach taken by the trial court in June 2024, when it not only declined to appoint counsel or hold a hearing but also expressly informed Wilburn that it was not, on its own motion, initiating any action to recall Wilburn's sentence at that time. The court's April 25, 2024 disposition, in contrast, indicated that the court was exercising its jurisdiction in the matter. In that circumstance, the court's order is appealable. (See *People v. E.M.*, *supra*, 85 Cal.App.5th at p. 1085.)

5

Turning to the merits, Wilburn's appointed counsel filed a brief raising no arguable issues, and Wilburn filed a supplemental brief. In accordance with *Delgadillo*, we will address the specific arguments presented in Wilburn's brief. (*People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232.)

Wilburn contends that the trial court should have struck his prior strike conviction, which doubled his sentence on each count, because the strike is more than five years old. Wilburn cites section 1385, subdivision (c), which requires a trial court to dismiss an enhancement "if it is in the furtherance of justice to do so" and to "consider and afford great weight" to certain mitigating circumstances, including when an enhancement is based on a prior conviction that is more than five years old. (§ 1385, subd. (c)(1), (2), (2)(H).) Section 1385, subdivision (c), however, does not apply, because "the Three Strikes law is not an enhancement; it is an alternative sentencing scheme for the current offense." (*People v. Burke* (2023) 89 Cal.App.5th 237, 243.)

Wilburn also refers to section 1385, subdivision (a), apparently arguing that the trial court should have dismissed his prior strike pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. Wilburn asserts that he "has taken full advantage" of his incarceration and can "reassure [this] court of rehabilitation." Wilburn, however, never asked the trial court to strike either of his prior strikes, and that forfeits the issue on appeal. (*People v. Carmony* (2004) 33 Cal.4th 367, 375-376 ["any failure on the part of a defendant to invite the court to dismiss under section 1385 following *Romero* waives or forfeits his or her right to raise the issue on appeal"]; see also *People v. Lee* (2008) 161 Cal.App.4th 124, 129 [trial court has "no sua sponte duty to consider striking a prior conviction" under § 1385].)

Wilburn's additional arguments relate to claimed trial errors, including that: (1) the trial court incorrectly advised him during the original sentencing that he would receive limited worktime credit and would have to serve 85 percent of his sentence;

(2) he never would have agreed to a plea that included erroneous enhancements and limited worktime credit; (3) his trial counsel provided ineffective assistance; (4) the evidence was insufficient to establish that he committed robbery; and (5) his "mental state was also a factor" in accepting his plea. But Wilburn's supplemental brief fails to provide adequate legal argument or citation to authority to support these arguments; and in any event, none relates to matters at issue in a resentencing proceeding under section 1172.1. (*Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99 [issues forfeited if unsupported by argument or citation to authority]; cf. *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [petitioner cannot establish eligibility for postconviction resentencing relief under § 1172.6 "on the basis of alleged trial error"].)

## DISPOSITION

The trial court's April 25, 2024 order declining to recall and resentence Wilburn pursuant to section 1172.1 is affirmed.


    /s/
    FEINBERG, J.



We concur:



  /s/
HULL, Acting P. J.



  /s/
MESIWALA, J.

7