Filed 8/22/25  P. v. Velez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083730 |
| v. | (Super.Ct.No. ICR21328) |
| MIGUEL MORALES VELEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

1

Miguel Morales Velez appeals after the trial court resentenced him under Penal Code section 1172.75. (Unlabeled statutory citations refer to this code.) Velez requested that the court (1) dismiss his prior strike convictions under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) and (2) dismiss his prior serious felony enhancements under section 1385, subdivision (c). The court struck one of his prior serious felony enhancements but denied his *Romero* motion. On appeal, Velez argues that the court abused its discretion by denying the *Romero* motion. We affirm.

BACKGROUND

I.    *Velez's conviction, sentencing, and prior appeal*

In January 1995, Velez approached a woman in a grocery store parking lot and forcibly grabbed her purse. (*People v. Velez* (Jan. 29, 2007, E017975) [nonpub. opn.] (*Velez I*), p. 2.) The woman resisted and fell down, losing her grip on the purse. (*Ibid.*) Velez fled with the purse to a waiting car. (*Ibid.*) Several days later, the victim positively identified Velez in a photo lineup.[1] (*Ibid.*)

In December 1995, a jury found Velez guilty of robbery. (§ 211.) The court found that Velez had two prior serious felony convictions—a first degree burglary conviction in 1987 and a robbery conviction in 1991. (§§ 211, 459, 667, subd. (a).) The court also found that those prior convictions qualified as strikes under the three strikes law. (§§ 667, subds. (b)-(i), 1170.12.) In addition, the court found that Velez had served

---

[1]    Our summary of the facts underlying Velez's conviction is taken from our unpublished opinion in Velez's prior appeal. (*Velez I*, *supra*, E017975, p. 2.) On our own motion, we take judicial notice of that opinion.

2

a prior prison term for a 1990 grand theft conviction.  (Former §§ 487, subd. 2, 667.5, subd. (b).)  In February 1996, the court sentenced Velez to prison for 25 years to life under the three strikes law, plus 10 years for the two prior serious felony enhancements and one year for the prior prison term enhancement.

Our Supreme Court decided *Romero* shortly after Velez's sentencing.  *Romero* held that section 1385, subdivision (a), gives trial courts discretion to strike or dismiss prior strikes "in furtherance of justice."  (*Romero*, *supra*, 13 Cal.4th at p. 530.)  On appeal from the judgment, Velez argued that the trial court was unaware of its discretion to dismiss his prior strikes and that we should remand for the court to exercise its discretion under *Romero*.  (*Velez I*, *supra*, E017975, pp. 8-9.)  We agreed and remanded the matter for that purpose.  (*Id.* at pp. 9, 14.)  The record does not contain a minute order or reporter's transcript documenting what occurred on remand.  But according to Velez's briefing in the trial court, the court denied the *Romero* motion in October 1997.

II.     *Velez's resentencing in 2023 and 2024*

Effective January 1, 2020, the Legislature amended section 667.5 "by limiting the prior prison term enhancement to only prior terms for sexually violent offenses."  (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380.)  Any enhancements imposed under the former version of section 667.5, subdivision (b), except for those imposed for sexually violent offenses, are "legally invalid."  (§ 1172.75, subd. (a).)  Section 1172.75 requires the court to resentence a defendant currently serving a term that includes an invalidated enhancement.  (§ 1172.75, subds. (b)-(c).)

As a result of those changes in the law, the trial court received notice from the California Department of Corrections and Rehabilitation (CDCR) that Velez was serving a term for a judgment that included a legally invalid enhancement.[2] (§ 1172.75, subd. (b).) The court recalled Velez's sentence and struck the prior prison term enhancement in September 2023, and it continued the matter for a further resentencing hearing.

Velez filed a resentencing brief asking the court to dismiss his prior strikes under *Romero* and section 1385, subdivision (a). He also asked the court to dismiss his prior serious felony enhancements under section 1385, subdivision (c). His brief described the circumstances of his prior strike convictions. With respect to the 1987 burglary conviction, Velez entered an unoccupied residence and stole a VCR and satin bedsheets worth roughly $880. He was 23 years old at the time. The 1991 robbery conviction was for stealing someone's purse in a store parking lot, much like the offense in the present case.

Velez's exhibits included evidence of his disciplinary history while incarcerated. He had a serious rules violation in 2016 for possessing controlled substances. According to the report, he was found unresponsive but regained consciousness when a nurse administered Narcan. He said that he had taken "'[c]rystal and heroin,'" and he had 1.2 grams of a white cellophane-wrapped substance and 6.5 grams of a brown cellophane-wrapped substance. Velez had two other rules violations—one in 1999 for failing to

[2] On our own motion, we take judicial notice of the motion to augment filed in case No. E082642, including the declaration of Aimee Vierra and the attached CDCR list dated June 16, 2022 (listing individuals eligible for relief under section 1172.75). Velez is listed on page 24 of that CDCR list.

report to his all-day assignment, and one in 2019 for shielding his bunk with a laundry bag.

Velez also submitted evidence of his various job assignments and the classes that he had taken in prison, as well as evidence that he had a "California Static Risk Assessment (CSRA)" score of 1, or "Low Risk."[3]  (Cal. Code Regs., tit. 15, § 3768.1(a), (b)(1).)  He also submitted evidence that he had "actively" participated in an outpatient program in 2021 and 2022 and that he had completed a 14-week group therapy program in 2018.  The purpose of the group therapy "was to assist and guide the patient in uncovering and understanding factors that contributed to the commitment offense," and substance abuse was one of the topics addressed.

The People's resentencing brief provided more detail about the circumstances of Velez's prior strikes, and the brief described the offense underlying the (invalidated) prior prison term enhancement.[4]  When Velez committed the 1987 burglary, he was on misdemeanor probation for petty theft.  He told probation that he committed the burglary because he needed money to support his heroin habit.  With respect to the 1990 grand

---

[3]     The CSRA is "an actuarial tool that computes the likelihood to re-offend (incur a felony arrest within a three-year period after release to parole), and uses static indicators that do not change.  These indicators include gender, age and offense history of the offender."  (Cal. Code Regs., tit. 15, § 3768.1(c).)

[4]     Velez's brief did not cite anything when summarizing his criminal history.  The People's brief stated that they based the summary of Velez's criminal history on his probation report, which defense counsel provided.  The parties did not submit the probation report with their resentencing briefs, and it is not part of the record on appeal.  The court nevertheless considered the parties' summaries of Velez's criminal history when ruling on the *Romero* motion.  Defense counsel did not object to that, nor did counsel indicate that the People inaccurately described Velez's criminal history.

theft conviction, he stole a woman's purse in a store parking lot, pushing her to the ground. The purse and its contents were valued at $150. And during the 1991 robbery, he hit the victim in the face when she tried to hold on to her purse, and she sustained cuts on her lip and finger. The stolen purse contained $6,000 in cash. The court sentenced Velez to two years in prison for the 1987 burglary conviction. He was paroled in November 1988, and his parole was revoked in July 1989. He was released in January 1990, and he committed the grand theft the following month. The court sentenced him to three years in prison for the grand theft conviction. He was released in October 1991 and committed the 1991 robbery the following month. The court sentenced him to six years in prison for that robbery conviction. He was released in December 1994, and he committed the robbery in the present case in January 1995.

At the resentencing hearing in April 2024, the court denied Velez's request to dismiss his prior strikes. The court observed that Velez "was the poster child for Three Strikes treatment" when he was originally sentenced. The court noted that he had "done some good things" while incarcerated, but it was concerned about his drug use. The 2016 overdose incident occurred over 20 years after he told probation that he committed burglary to support his heroin habit. Yet he still had not addressed his drug use. The court concluded: "His conduct in state prison has not been good enough that I can say he falls outside of the . . . spirit of the Three Strikes law."

The court struck one of the two prior serious felony enhancements under section 1385, subdivision (c). The court resentenced Velez to 25 years to life in prison under the

6

three strikes law, plus an additional five-year term for the remaining prior serious felony enhancement.  (§ 667, subd. (a).)

## DISCUSSION

Velez argues that the court abused its discretion by denying his *Romero* motion. More specifically, he argues that the court erred by failing to consider mitigating circumstances enumerated in section 1385, subdivision (c).  The argument lacks merit.

When the court recalls a sentence under section 1172.75, the court conducts a "'full resentencing.'"  (*People v. Rogers* (2025) 108 Cal.App.5th 340, 361 (*Rogers*).) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."  (§ 1172.75, subd. (d)(3).)

The court may also consider a new *Romero* motion to strike or dismiss prior strikes.  (*Rogers*, *supra*, 108 Cal.App.5th at p. 364.)  The defendant has the burden of providing the court with sufficient evidence to support the motion.  (*People v. Lee* (2008) 161 Cal.App.4th 124, 129.)  For a court considering whether the dismissal of prior strikes is "in furtherance of justice" (§ 1385, subd. (a)), the defendant's sentence "is the overarching consideration because the underlying purpose of striking" prior strikes "is the avoidance of unjust sentences" (*People v. Garcia* (1999) 20 Cal.4th 490, 500).  The

7

court must consider "whether, in light of the nature and circumstances" of the defendant's present offense and prior strikes, "and the particulars of [their] background, character, and prospects, the defendant may be deemed outside" the spirit of the three strikes law "in whole or in part." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) The circumstances showing that the defendant falls outside the spirit of the law "must be 'extraordinary.'" (*People v. Carmony* (2004) 33 Cal.4th 367, 378 (*Carmony*).)

We review the denial of a *Romero* motion for abuse of discretion. (*Carmony*, *supra*, 33 Cal.4th at p. 376.) The three strikes law establishes sentencing norms and "creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*Id.* at p. 378.) In light of that presumption, the denial of a *Romero* motion will constitute an abuse of discretion only "in limited circumstances." (*Carmony*, at p. 378.) The denial is an abuse of discretion if the decision "is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.)

Velez fails to show that the court abused its discretion in this case. He generally contends that the court should have considered mitigating circumstances enumerated in section 1385, subdivision (c). The provision requires courts to "consider and afford great weight to evidence" of mitigating circumstances in deciding whether to dismiss an enhancement. (§ 1385, subd. (c)(2).) But it "expressly applies to the dismissal of an 'enhancement.' (§ 1385, subd. (c)(1).)" (*People v. Burke* (2023) 89 Cal.App.5th 237, 243.) The three strikes law is an alternative sentencing scheme, not an enhancement. (*Burke*, at pp. 243-244.) It follows that subdivision (c) of section 1385 does not apply to

8

a motion to strike or dismiss prior strikes. (*Burke*, at pp. 243-244; *People v. Olay* (2023) 98 Cal.App.5th 60, 67 ["If the Legislature had wanted section 1385, subdivision (c) to apply to prior strikes as well as to enhancements as legally defined, it would have said so"].)

Velez relies in particular on three of the mitigating circumstances enumerated in subdivision (c) of section 1385: (1) whether the "application of an enhancement could result in a sentence of over 20 years"; (2) whether the "current offense is connected to mental illness"; and (3) whether the "enhancement is based on a prior conviction that is over five years old." (§ 1385, subd. (c)(2)(C), (D), (H).) He contends that those mitigating factors required the court to consider the overall length of his sentence, the remoteness of his prior strikes, his youth when he committed the prior strikes, and the effect of his drug addiction as a mental illness.

The foregoing considerations are relevant independent of subdivision (c) of section 1385. They concern the nature or circumstances of Velez's prior strikes, the particulars of his background, and the avoidance of an unjust sentence. (*People v. Williams*, *supra*, 17 Cal.4th at p. 161; *People v. Garcia*, *supra*, 20 Cal.4th at p. 500.) Still, Velez fails to show that the court abused its discretion with respect to those considerations.

First, the record does not support Velez's assertion that the court failed to consider the length of his sentence, whether his strikes were remote, or his youth at the time of the strikes. We presume that the court "considered all of the relevant factors in the absence

of an affirmative record to the contrary" (*People v. Myers* (1999) 69 Cal.App.4th 305, 310), and nothing in the record affirmatively shows that the court failed to consider any of those points.  The fact that the court's explanatory remarks may have focused on one factor "does not mean that it considered only that factor."  (*Ibid.*)

Second, in discussing the length of his sentence, Velez points out that he has served decades of his sentence, and he highlights postconviction factors that courts may consider under section 1172.75, such as evidence of his disciplinary record, his classes and work assignments while incarcerated, and his CSRA score.  The court was well aware of that postconviction evidence, remarking that Velez had "done some good things in jail."  But it concluded that the evidence did not show that "he falls outside . . . the spirit of the Three Strikes Law."  Again, the three strikes law establishes sentencing norms.  (*Carmony*, *supra*, 33 Cal.4th at p. 378.)  The "'law does not offer a discretionary sentencing choice, as do other sentencing laws, but establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made."'" (*Id.* at p. 377.)  And the evidence showing that Velez falls outside the spirit of the law must be extraordinary.  (*Id.* at p. 378.)  "[T]he circumstances where no reasonable people could disagree that the [defendant] falls outside the spirit" of the law and that the court therefore abused its discretion "must be even more extraordinary."  (*Ibid*.)  Velez does not persuasively explain why his postconviction evidence was so extraordinary that the court abused its discretion.

Third, the claimed remoteness of Velez's strikes does not assist him. The court may dismiss a prior strike that is remote in time, but it is not a matter of merely calculating the number of years since the strike. (*People v. Vasquez* (2021) 72 Cal.App.5th 374, 390.) The court should consider whether the prior strike "served 'as a pivot point for reforming [the defendant's] ways.'" (*Ibid.*) In particular, the "court should consider whether the defendant 'was incarcerated a substantial part of the intervening time and thus had little or no opportunity to commit' additional crimes." (*Ibid.*) Velez asserts that he has not committed a crime since the robbery in 1995, a period of 30 years now. But presumably he has had little or no opportunity to commit more crimes in prison. The remoteness of his offenses thus did not weigh in favor of dismissing his prior strikes. Moreover, the three strikes were not at all remote from each other. He committed a strike every four years (the 1987 burglary, the 1991 robbery, and the 1995 robbery), and during that period he also committed the nonstrike offense of grand theft (in 1990). He was incarcerated much of the time between offenses and committed the last three offenses within one month of release. That record does not demonstrate that he had reformed his ways in the interim between offenses.

Fourth, Velez's youthful age at the time of his first strike does not show that the court abused its discretion. It is true that recent case law and legislative reforms have recognized the diminished culpability of youthful offenders in various contexts, from assessing guilt to sentencing and parole decisions. (*People v. Jimenez* (2024) 103 Cal.App.5th 994, 1001-1004.) The changes are based in large part on "scientific

11

evidence that neurological development, particularly in areas of the brain relevant to judgment and decisionmaking, continues beyond adolescence and into the mid-20's." (*People v. Hardin* (2024) 15 Cal.5th 834, 846.) The legislative reforms generally define "youth" as someone under 26 years of age. (*Jimenez*, at p. 1004.) Although Velez was 23 years old at the time of the first strike offense, he was over 26 when he committed the second and third strikes and the grand theft offense. His pattern of criminal conduct thus continued after his youth.

Fifth and finally, the court did not abuse its discretion by relying on Velez's substance abuse to deny the *Romero* motion. A "defendant's drug problem may have little mitigating value where the problem is long-standing." (*People v. Avila* (2020) 57 Cal.App.5th 1134, 1143.) That is the case here. According to the People's brief, Velez told probation that he committed the burglary in 1987 to support his heroin habit. In 2016, 29 years later, he was still using heroin, even in the relatively controlled prison environment. Velez characterizes that 2016 incident as a "relapse," but there is no evidence that he had been sober in the years since 1987. He also points to the evidence that he actively participated in an outpatient program in 2021 and 2022 and group therapy in 2018, which addressed substance abuse. But beyond his bare participation, there is no evidence about his progress. For instance, the record does not show whether he took drug tests, tested negative, or had been clean for any significant period of time. Velez had the burden of producing evidence to support his motion. (*People v. Lee*, *supra*, 161 Cal.App.4th at p. 129 [the court has no "sua sponte investigational duty to ferret out facts

12

potentially supporting the defendant's" *Romero* motion, and "the burden instead is on the defendant to provide the facts"].) On this record, the court could reasonably conclude that Velez had not addressed the longstanding substance abuse that motivated his criminal conduct, and his substance abuse therefore had little mitigating value for purposes of the *Romero* motion.

For all of these reasons, Velez fails to show that the court abused its discretion by denying his *Romero* motion.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ _____<br>J.

We concur:

McKINSTER _____
Acting P. J.

MILLER _____
J.